IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. ) |
| CITIBANK/CITIGROUP GLOBAL MARKETS, INC. | ) COMPLAINT ) JURY TRIAL DEMAND ) ) |
| Defendants | ) |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA) and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Terry B. Jenkins, who was adversely affected by such practices. As alleged with greater particularity in Paragraph 8 below, the Commission alleges that Defendant Citibank/Citigroup Global Markets, Inc. discriminated against Ms. Jenkins, a qualified individual with a disability, when it discharged her from her position of Loan Officer while she was hospitalized for Sickle Cell Anemia and related illnesses. Defendant terminated Ms. Jenkins despite the fact that it had knowledge of Ms. Jenkins' disability and her need for additional leave time. As a result of the discriminatory discharge, Ms. Jenkins suffered wage losses, and severe emotional distress damages.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference

Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000 - 5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Delaware.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1).

4. At all relevant times, Defendant, Citibank/Citigroup Global Markets, Inc., has continuously been a Delaware corporation doing business in the State of Delaware and the City of New Castle, and has had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Terry B. Jenkins filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by

Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Since at least May 2002, Defendant has engaged in unlawful employment practices at its New Castle, Delaware financial services institution, in violation of Section 102 of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(5)(A) and (b)(5)(B), by discriminating against Ms. Jenkins on the basis of her disability, Sickle Cell Anemia. The unlawful employment practices include failing to accommodate the disability of Ms. Jenkins by not providing medically necessary leave from work and discharging Ms. Jenkins from her position while she was hospitalized. The following facts support the claim of discriminatory discharge due to failure to accommodate the disability of Ms. Jenkins:

(a) Terry B. Jenkins, who was employed by Defendant as a Loan Officer, requested and obtained leave under the Family Medical Leave Act (FMLA) for her disability, Sickle Cell Anemia, and other related medical conditions. Ms. Jenkins' FMLA leave ended on April 17, 2002.

(b) Ms. Jenkins provided three leave slips signed by her physician, Dr. Oluseyi Senu-Oke. One medical excuse released Ms. Jenkins from work from January 24 through February 26, 2002, for Sickle Cell Anemia. The second document excused Ms. Jenkins from February 28, 2002 until April 3, 2002, for Sickle Cell crisis. The third document excused her from March 26, 2002 until June 2, 2002, for Sickle Cell Disease and other medical problems.

(c) On March 26, 2006, Defendant's insurance carrier MetLife issued a letter, which was sent to Ms. Jenkins, denying her claim for benefit continuation; Met Life then sent another letter on April 15, 2002, allowing Ms. Jenkins to submit additional information as her claim was reviewed on appeal.

(d) Ms. Jenkins asked her physician to provide additional details to the carrier, which he did

and provided a return to work date of June 3, 2002.

(e) On April 25, 2002, the carrier sent a letter to Ms. Jenkins denying her appeal for continued benefits and restating the diagnosis and medical information from her doctor's letter.

(f) By mail on or about May 7, 2002, Defendant informed Ms. Jenkins that if she did not return to work by May 13, 2002, her employment would be terminated. In this letter, Defendant referenced the carrier's April 25, 2002 letter which stated Ms. Jenkins' diagnosis and restrictions, demonstrating Defendant's knowledge of Ms. Jenkins' medical conditions.

(g) On May 8, 2002, Ms. Jenkins was admitted to the Intensive Care Unit of the Christiana Care Hospital in Newark, Delaware, and she remained hospitalized until May 31, 2002 for Sickle Cell Disease and related medical conditions.

(h) Ms. Jenkins did not learn that her employment was terminated until after she was discharged from the hospital and received a letter from Defendant concerning the termination of her employment.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Ms. Jenkins of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

10. The unlawful employment practices complained of in paragraph 8, above, were intentional.

11. The unlawful employment practices complained of in paragraph 8, above, were done with malice or with reckless indifference to the federally protected rights of Ms. Jenkins.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability, including but not limited to discharging an employee because his or her insurance carrier discontinued disability benefits.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Ms. Jenkins by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendant to make whole Ms. Jenkins by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8, above, in amounts to be determined at trial.

G.  Order Defendant to make whole Ms. Jenkins by providing compensation for past, present, and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including humiliation, emotional pain, suffering, anxiety, stress, loss of enjoyment of life, depression, and exacerbation of physical problems, in amounts to be determined at trial.

H.  Order Defendant to pay Ms. Jenkins punitive damages for its malicious and reckless conduct, as described in paragraph 8, above, in amounts to be determined at trial.

I.  Grant such further relief as the Court deems necessary and proper in the public interest.

J.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                U.S. EQUAL EMPLOYMENT
                                OPPORTUNITY COMMISSION

                                ERIC S. DREIBAND
                                General Counsel

                                JAMES L. LEE
                                Deputy General Counsel

                                GWENDOLYN YOUNG REAMS
                                Associate General Counsel
                                Washington, D.C.

                                _____
                                JACQUELINE H. McNAIR
                                Regional Attorney

                                _____
                                JUDITH A. O'BOYLE
                                Supervisory Trial Attorney

UNITED STATES ATTORNEY
DISTRICT OF DELAWARE

COLM CONNOLLY
United States Attorney

_____        _____
RUDOLPH CONTRERAS                          CYNTHIA A. LOCKE
Asst. U.S. Attorney, Chief Civil Division,    Trial Attorney
U.S. Dept of Justice                                  U.S. EQUAL EMPLOYMENT
1007 Orange Street, Suite 700                   OPPORTUNITY COMMISSION
P.O. Box 2046                                           21 S. 5th Street, Suite 400
Wilmington, Delaware 19899-2046            Philadelphia PA 19106
(302) 573-6277                                        Telephone: (215) 440-2683
                                                           Facsimile: (215) 440-2848