IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK/CITIGROUP GLOBAL MARKETS, INC.,<br><br>Defendant. | Civil Action No. 05-348 JJF |

### ANSWER AND SEPARATE DEFENSES

Defendant Citibank Delaware improperly named in this action as Citibank/Citigroup Global Markets Inc. ("Citibank"), by and through its counsel, answers the allegations in Plaintiff Equal Employment Opportunity Commission's ("EEOC") Complaint in accordance with its numbered paragraphs as follows:

### JURISDICTION AND VENUE

1. Citibank admits only that the court has jurisdiction over the subject matter alleged in this complaint. It specifically denies that there has been any violation of the Americans with Disabilities Act of 1990 ("ADA") or Title VII of the Civil Rights Act ("Title VII").

2. Citibank admits only that the EEOC has alleged that employment practices occurred within the jurisdiction of the United States District Court for the District of Delaware. It specifically denies that any of the employment practices that the EEOC has alleged were unlawful.

### PARTIES

3. The allegations of paragraph 3 constitute conclusions of law to which no responsive pleading is required. To the extent they contain an allegation of fact, they are denied.

4.     The allegations of paragraph 4 constitute conclusions of law to which no responsive pleading is required. To the extent they contain an allegation of fact, they are denied.

5.     The allegations of paragraph 5 constitute conclusions of law to which no responsive pleading is required. To the extent they contain an allegation of fact, they are denied.

6.     The allegations of paragraph 6 constitute conclusions of law to which no responsive pleading is required. To the extent they contain an allegation of fact, they are denied.

## STATEMENT OF CLAIMS

7.     Citibank admits only that more than thirty days prior to the institution of this lawsuit, Terry B. Jenkins filed a charge of discrimination with the Commission alleging violations of Title VII and the ADA. It specifically denies that there has been any violation of the ADA or Title VII. All remaining allegations in paragraph 7 constitute conclusions of law to which no responsive pleading is required. To the extent they contain an allegation of fact, they are denied.

8.     Citibank denies that it discriminated against Ms. Jenkins. At all relevant times, Citibank was unaware that Ms. Jenkins suffered from Sickle Cell Anemia, as Ms. Jenkins provided all documentation regarding her medical condition to Metlife, not to Citibank. To the extent that the circumstances required Citibank to provide Ms. Jenkins with a reasonable accommodation, Citibank did so. Citibank granted Ms. Jenkins an additional 7 weeks leave, more than the leave required by Citibank's policies or by the Family and Medical Leave Act ("FMLA"). On April 2, 2002, after Citibank had granted Ms. Jenkins a total of 19 weeks leave, it offered to grant her additional leave. See April 2, 2002 letter from S. Zobel to T. Jenkins, attached hereto as Ex. A. Ms. Jenkins did not respond to Citibank's offer or to Citibank's inquiries regarding when she would return to work. On May 7, 2002, Citibank wrote Ms.

Jenkins and asked her to return to work by May 13, 2002 or Citibank would have no choice but to assume that she intended to abandon her position. See May 7, 2002 letter from S. Zobel to T. Jenkins attached hereto as Ex. B. Ms. Jenkins neither returned to work, nor responded to Citibank's letter, so Citibank assumed she intended to abandon her position. All remaining allegations in paragraph 8 constitute conclusions of law to which no responsive pleading is required. To the extent they contain an allegation of fact, they are denied.

(a) Citibank admits only that it employed Terry B. Jenkins, that Ms. Jenkins requested and was granted leave under the FMLA, and that her leave expired on April 17, 2002. However, it denies that it employed Ms. Jenkins as a Loan Officer. CitiBank employed Ms. Jenkins as a Specialist. Citibank specifically denies that it knew that Ms. Jenkins requested and obtained leave under the FMLA for Sickle Cell Anemia and/or medical conditions related to Sickle Cell Anemia.

(b) Citibank denies all of the allegations in paragraph 8(b). Ms. Jenkins never provided any documentation directly to Citibank regarding her alleged disability. MetLife processed all of Ms. Jenkins applications for leave and all supporting documentation. Thus, Ms. Jenkins provided all of her medical documentation to MetLife, not to Citibank, and Citibank never received or knew of any medical documentation that "excused Ms. Jenkins for Sickle Cell Disease."

(c) Upon information and belief, Citibank states that on March 26, 2005, its insurance carrier, MetLife, issued a letter, which it sent to Ms. Jenkins, denying her claims for benefit continuation and that MetLife then sent Ms. Jenkins another letter on April 15, 2002, informing Ms. Jenkins that she could submit additional information for the review of her claim on appeal.

(d) Citibank is without knowledge or information sufficient to form a belief as to the EEOC's allegations, and therefore, they are denied.

(e) Upon information and belief, on April 25, 2002, MetLife sent a letter to Ms. Jenkins denying her appeal seeking benefits. Citibank is without knowledge or information sufficient to form a belief as to the remainder of the EEOC's allegations, and therefore, they are denied.

(f) Citibank admits only that by letter on May 7, 2002, it informed Ms. Jenkins that if she did not return to work by May 13, 2002, her employment would be terminated and that in its May 7, 2002 letter it referenced MetLife's denial of benefits. Citibank specifically denies that it had any knowledge that Ms. Jenkins allegedly suffered from Sickle Cell Anemia. On April 26, 2002, Metlife informed Citibank that it had denied Ms. Jenkin's benefits. The notice that Citibank received from Metlife regarding the denial of Ms. Jenkin's benefits contained no information regarding Ms. Jenkin's alleged medical condition, instead it merely stated "medical documentation in our claim file indicates that the employee is no longer disabled from his/her occupation. Decision upheld on appeal 4/26/02." See April 26, 2002 E-mail from Metlife to Citibank attached hereto as Exhibit C.

(g) Citibank is without knowledge or information sufficient to form a belief as to the EEOC's allegations, and therefore, they are denied.

(h) Citibank is without knowledge or information sufficient to form a belief as to the EEOC's allegations, and therefore, they are denied.

9. The allegations of paragraph 9 constitute conclusions of law to which no responsive pleading is required. To the extent they contain an allegation of fact, they are denied.

10. The allegations of paragraph 10 constitute conclusions of law to which no responsive pleading is required. To the extent they contain an allegation of fact, they are denied.

11. The allegations of paragraph 11 constitute conclusions of law to which no responsive pleading is required. To the extent they contain an allegation of fact, they are denied.

## PRAYER FOR RELIEF

The remaining allegations constitute a prayer for relief and therefore, no responsive pleading is required. To the extent that a responsive pleading is required, Citibank denies all of the remaining allegations.

## SEPARATE DEFENSES

## FIRST DEFENSE

To the extent that Ms. Jenkins failed to satisfy the statutory prerequisites respecting an administrative charge under the statutes relied upon in the Complaint, Plaintiff's claims are barred, in whole or in part.

## SECOND DEFENSE

To the extent that Ms. Jenkins has failed to mitigate her damages, the EEOC's claims for such relief are barred or diminished.

## THIRD DEFENSE

Defendant has in place a strong policy against discrimination and otherwise exercised reasonable care to prevent and correct promptly any discrimination to which the EEOC claims Ms. Jenkins was subjected, and Ms. Jenkins unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

## FOURTH DEFENSE

All actions taken with respect to Ms. Jenkins \were taken in good faith and without any discriminatory intent.

## FIFTH DEFENSE

The EEOC's claims for punitive damages are barred by Defendant's adoption, publication and enforcement of a policy against discrimination of the type alleged in the Complaint.

## SIXTH DEFENSE

The EEOC's claims under the ADA are barred, as Ms. Jenkins is not a qualified individual with a disability under the ADA.

## SEVENTH DEFENSE

The EEOC's claims under the ADA are barred because to the extent the circumstances required Citibank to provide Ms. Jenkins with a reasonable accommodation, Citibank provided her with the same.

## EIGHTH DEFENSE

Because the EEOC's Complaint is ambiguous and conclusory, Citibank cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Citibank reserves the right to assert additional defenses if and to the extent that such defenses are applicable.

WHEREFORE the Court should dismiss the EEOC's complaint with prejudice and award Citibank attorneys' fees and costs and any other relief that the Court deems appropriate.

                                      Respectfully submitted:

                                      */s/ David H. Williams*
                                      David H. Williams (#616)
                                      Morris James Hitchens and Williams, LLP
                                      222 Delaware Avenue
                                      P.O. Box 2306
                                      Wilmington, DE 19899
                                      (302) 888-6900
                                      dwilliams@morrisjames.com

OF COUNSEL:                        Judith E. Harris
                                      Sarah E. Pontoski
                                      Morgan, Lewis & Bockius LLP
                                      1701 Market Street
                                      Philadelphia, PA 19103
                                      (215) 963-5028/5059
                                      jeharris@morganlewis.com
                                      spontoski@morganlewis.com

Dated: July 15, 2005                Attorneys for Defendant
                                      Citibank Delaware

# EXHIBIT A



April 2, 2002

Terry Jenkins
10 Nicole CT Hawks Nest
New Castle, DE 19720

Re: Leave of Absence

Dear Ms. Jenkins,

I hope you are doing well.

Pursuant to your request, beginning on January 24, 2002, you have been considered absent on an employee medical leave ("EML") under Corporate Investment Bank's Family and Medical Leave Policy ("FML Policy"). Our records indicate that your 13 week job protection under the FML Policy expires on April 17, 2002. As of today, you have been absent on an EML for a period of over 10 weeks.

Given the business operation needs of the Global Markets department, please inform me by April 10, 2002 when you intend to return to work, with or without reasonable accommodations.

If you need to continue your leave of absence, we will need to discuss the medical documentation necessary to support your extended medical leave. We will also decide how much longer, if at all, we can keep your position open. I can be reached at (212) 615-9383.

Best regards, and I look forward to your immediate reply.

Very truly yours,


Sara Zobel
Assistant Vice President
Generalist, Human Resources


cc:   Roseann Como Group Insurance Department
      Diane Stewart

# EXHIBIT B

**CITIBANK**

**SALOMON SMITH BARNEY**
Members of citigroup

May 7th, 2002

Terry Jenkins
10 Nicole Ct-Hawks West
New Castle, DE  19720

Dear Terry:

On April 25th, 2002 a letter from MetLife was mailed to your attention at the above address. This letter stated that your disability claim, # 590201098659 was appealed and the decision of denial upheld.

We are requesting you return to work by Monday, May 13th, 2002. Immediately upon your return please send a Doctor's notice releasing your return to work to:

   Salomon Smith Barney
   Medical Center
   333 W 34th Street
   1st Floor
   New York, NY 10001

If you do not return to work on the above date, and a Doctors' work release note is not received by the Medical Center by May 14th, 2002, we will considered you to have resigned from your position with Citibank.

Should you have any questions, please feel free to contact me at (212) 615-9383.

Sincerely,

Sara Zobel
Assistant Vice President
Human Resources

cc: William Carpenter

# EXHIBIT C

-----Original Message-----
From: ███████████████████████
Sent: Friday, April 26, 2002 12:09 PM
To: LeaveManagementGroup@AFCC.com
Cc: Stewart, Patricia D [OPS]
Subject: STD Appeal Decision

STD/LTD/FMLA DENIAL/APPEAL NOTIFICATION

FOR CITIGROUP

FROM:

Synchrony Integrated Disability Services

RE:   Terry Jenkins
SS#:  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

Please be advised that STD further benefits for your above named employee have been denied as of (January 22, 2002) for the following reason(s) checked below:

-----+-----------------------------------------------|

The employee does not meet the eligibility requirements.            |

-----+-----------------------------------------------|

| | |
|---|---|
| x | Medical documentation in our claim file indicates that the employee is no longer disabled from his/her occupation. Decision upheld on appeal 4/26/02. |
| | Medical documentation in our claim file indicates that the employee is not disabled from any occupation. (LTD only) |
| | The employee has not submitted requested medical documentation to substantiate a claim for continued disability benefits. |
| | The employee is no longer under the care of a physician or competent medical provider. |
| | The employee has received the maximum duration of benefits that he/she is eligible for from the plan. |
| | The employee has a pre-existing condition. (LTD only) |
| | (Leave Management only): An appeal has been received on |

If you have any questions please do not hesitate to contact us through Connect 1 at 1-800-881-3938 or directly at (Insert direct phone number.)

sm

Synchrony is integrated absence management, which includes group disability insurance or services from MetLife, workers' compensation insurance or services from The Travelers Indemnity Company and/or its property casualty affiliates, and may include family and medical leave administration from MetLife. Synchrony is a service mark of Travelers Property Casualty Corp. and MetLife.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-348 JJF |
| CITIBANK/CITIGROUP GLOBAL MARKETS, INC., | ) ) ) ) | |
| Defendant. | ) | |

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on July 15, 2005, I electronically filed the attached **ANSWER AND SEPARATE DEFENSES** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Rudolph Contreras, Esquire
> Assistant United States Attorney
> Chief, Civil Division
> The Nemours Building
> 1007 North Orange Street, Suite 700
> Wilmington, DE 19899-2046

*/s/ David H. Williams*
David H. Williams (#616) (dwilliams@morrisjames.com)
MORRIS, JAMES, HITCHENS & WILLIAMS, LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900

OF COUNSEL:

Judith E. Harris
Sarah E. Pontoski
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5028/5059

Dated: July 15, 2005         Attorneys for Defendant

DHW/109990-0001/1249487/1