## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| EQUAL EMPLOYMENT OPPORTUNITY | ) | |
| COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: 05-348 (JJF) |
| | ) | |
| v. | ) | |
| | ) | |
| CITIBANK DELAWARE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF EEOC'S MOTION TO COMPEL
### DEFENDANT, CITIBANK DELAWARE'S DISCOVERY RESPONSES

AND NOW COMES Plaintiff, U.S. Equal Employment Opportunity Commission ("the Commission" or "EEOC"), by and through its undersigned counsel, and files the within Motion to Compel Discovery Responses from Defendant, Citibank Delaware ("Defendant" and/or "Citibank"), and in support thereof avers as follows:

1.   On May 31, 2005, the Commission filed this action pursuant to Title 1 of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. (the "ADA") on behalf of Terry B. Jenkins alleging, *inter alia*, that Defendant unlawfully discharged Ms. Jenkins, a qualified individual with a disability, from her position in the Global Loans Department while she was hospitalized for a Sickle Cell Anemia crisis, rather than extending her leave of absence from her position.

2.   On or about November 28, 2005, Plaintiff EEOC served Defendant with its First Set of Interrogatories and Requests for Production of Documents.

3.   In its discovery requests, the Commission sought information on other employees who were out on medical leaves of absence and who were granted disability benefits, in order to obtain

evidence of the operation of Defendant's policy and procedures with regard to other employees. As part of its case, the Commission seeks to demonstrate that Defendant's refusal to extend Ms. Jenkins' leave of absence violated the reasonable accommodation provisions of the ADA.

4.   In **Interrogatory Nos.  4 through 7,** the Commission requested as follows:

Interrogatory No. 4:  Identify,[1] using the definition found in Section 1 (c) of the Introduction to these Interrogatories, and state the total number of employees of Defendant who requested and were granted medical leave (including Employee Medical Leave, Family Medical Leave, disability leave (long or short-term) or any other medical leave) during the period of Ms. Terry Jenkins' employment, from July 1996 through May 2002.

Interrogatory No. 5: For the individuals and periods of leave identified in your response to Interrogatory No. 4, state the duration of each period of leave. If an individual received more than one periods of leave, state the duration of each period of leave granted to that employee.

Interrogatory No. 6:

Identify, using the definition found in Section 1 (c) of the Introduction to these Interrogatories, and state the number of employees who applied for and were granted disability benefits during the period of Ms. Terry Jenkins employment, from July 1996 through May 2002.

Interrogatory No. 7:

For each employee identified in your response to Interrogatory No. 6, state the period of time that each person received disability benefits. If that individual received one or more extensions of benefits, indicate the length of time of each extension.

---

[1](c)  "Identify" shall in each instance mean as to a person or persons to state his or her full name, present or last known business or residence address and telephone number, the title of the position or positions held with the Defendant, and his or her employment dates.

5. In its response to the Commission's Interrogatories Nos. 4 through 7, quoted above, Defendant failed to provide any of the requested information, objecting that each of the Interrogatories was "unduly burdensome and not reasonably limited in time and scope, and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action."

6. In **Requests Nos. 19 and 20**, EEOC sought the following documents:

Request No. 19.   Produce documents that discuss or memorialize Employee Medical Leaves or Family Medical Leaves taken by employees of Defendant (including but not limited to the Citibank Financial Investigation Unit and Citibank Global Markets, Global Loans Unit) from January 1996 to the present time.

Request No. 20.   Produce all documents that discuss or memorialize short or long term disability leave taken by employees of Defendant other than Ms. Jenkins from 2001 to the present.

7. In its Response to EEOC's Requests Nos. 19 and 20, Defendant failed to provide any documents, objecting that the request was "unduly burdensome and not reasonably limited in time and scope, and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action." Ciitbank also objected on the basis that the information was of a private or confidential nature and that certain documents were in the third party administrators of its leave policies.

8. On May 31, 2006, EEOC provided a subpoena to defense counsel to be served upon the Human Resources Department of Citigroup, the company for which Human Resources Generalist Sara Zobel, who worked on Ms. Jenkins' case, was employed.  EEOC sought the following:

Documents which show the dates of medical leaves of absence for short and long term disability for employees of Citibank Delaware, including but not limited to Tracey Pinkett, from January 1, 2000 to January 1, 2005. These documents should include the applications for disability, and documentation which shows the duration of the periods of leave and the ending dates of the leave. For the employees whose records are produced, produce documents which show whether the employees returned to work after the periods of leave ended.

8. After receiving a telephone call from defense counsel, EEOC agreed not to serve the subpoena on Citigroup but to continue to seek the documents from Citibank. EEOC sent a proposal to Citibank on July 10, 2006, agreeing to limit the information sought by its discovery requests as follows: **"employees of Citibank Delaware who were given cumulative medical leaves of absence (including FMLA, disability, other medical leave) in excess of six months."** (emphasis added.) EEOC requested, as with the interrogatories, an identification of the employees by name, job title and dates of employment, and an indication of the type of leave (i.e., FMLA, disability or other medical). The time period of the request was the time frame of Ms. Jenkins' employment.

9. On July 17, 2006 Defendant replied to the EEOC's letter, again contending that the information was unduly burdensome, not reasonably limited in time and scope, and seeking information not calculated to lead to the discovery of admissible evidence or not relevant to the action. Defendant also stated that its administrator, Met Life, had information but that it would have to examine individual files to obtain the information it possessed in its offices.

10. The information sought by the Commission in the above-referenced Interrogatories and Request for Production of Documents is relevant to the prosecution of this matter and the Commission is entitled to receive this information in discovery.

11.  For the reasons set forth herein, and in the Commission's accompanying brief in support of its motion, the undersigned seeks a Court Order compelling Defendant to provide full and complete answers and responses to the outstanding Interrogatories and Request for Production of Documents within seven (7) days of said Order.

WHEREFORE, Plaintiff EEOC respectfully requests that the within Motion to Compel be granted and this Honorable Court enter the proposed Order attached hereto.

Respectfully submitted,

JACQUELINE H. McNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

Date: July 17, 2006                    /s/ *Cynthia A. Locke*
                                       Cynthia A. Locke
                                       Trial Attorney

                                       U.S. Equal Employment
                                         Opportunity Commission
                                       Philadelphia District Office
                                       21 South 5th Street, Suite 400
                                       Philadelphia, PA 19106
                                       (215) 440-2683 - Telephone
                                       (215) 440-2848 - Facsimile
                                       cynthia.locke@eeoc.gov

                                       Local counsel:
                                       Douglas McCann
                                       Assistant United States Attorney
                                       Delaware Bar I.D. No. 3852
                                       The Nemours Building
                                       1007 Orange Street, Suite 700
                                       Wilmington, DE 19899-2946
                                       (302) 573-6277