IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO.: 05-348 (JJF) ) |
| v. | ) ) |
| CITIBANK DELAWARE, | ) ) |
| Defendant. | ) ) |

**BRIEF OF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES**

AND NOW COMES THE PLAINTIFF, U.S. EEOC, and files its Brief in Support of its Motion to Compel Discovery Responses against Defendant Citibank Delaware.

Date: July 17, 2006

Respectfully submitted,

/s/ *Cynthia A. Locke*
Cynthia A. Locke, Trial Attorney
U.S. Equal Employment Opportunity Commission
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2683  Telephone
(215) 440-2848  Facsimile
cynthia.locke@eeoc.gov

Local counsel:
Douglas McCann, Assistant United States Attorney
Delaware Bar I.D. No. 3852
The Nemours Building
1007 Orange Street, Suite 700
Wilmington, DE 19899-2946
(302) 573-6277

A.  Table of Contents

B.  Table of Citations............................................................................................................3

C.  Nature and Stage of the Proceeding................................................................................4

D.  Summary of Argument ...................................................................................................4

E.  Statement of Facts...........................................................................................................5

F.  Arguments

    1.  The Commission is entitled to receive comparative data on other employees in order to valuate this evidence in relation to its claim that Ms. Jenkins was entitled to additional leave as a reasonable accommodation. ..................................................6

    2.  Defendant is obligated to produce information that is available to it through Met Life, the company that administers its medical policy and long and short term disability plans..................................................................................................................7

    3.  Defendant has not established that it would be unduly burdensome to compile information responsive to EEOC's discovery requests ...........................................8

G.  Conclusion ................................................................................................................... 10

B.   Table of Citations

Statutes

Americans with Disabilities Act, Title 1, 42 U.S.C. §12101 et seq.....................................**4.**

Cases

*Brunswick Corp. v. Suzuki Motor Co., Ltd.*, 96 F.R.D. 684 (E.D. Wis. 1983)....................8

*Burns v. Imagine Films Entertaining*, 164 F.R.D. 589 (W.D. N.Y. 1996)...........................9

*Cage v. New York Cent. R. Co.*, 276 F.Supp. 778, 786-87 (D. Pa.), *aff'd* 386 F.2d 998 (3d Cir. 1967)..........................................................................................................................7

*Cehrs v. Northeast Ohio Alzheimer's Research Center and Windsor House, Inc.*, 155 F.3d 775, 779 (6th Cir. 1998)..................................................................................................7

*Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16 (S.D. N.Y. 1984).....................................................................................9

*Gerling Intl. Ins. Co. v. Commissioner*, 839 F.2d 131, 138 (3d Cir. 1988)..........................8

*Miller v. Doctor's General Hospital*, 76 F.R.D. 136 (W.D. Ok. 1977)................................7

*NEC America Inc. v. United States*, 636 F.Supp. 476, 479 (C.I.T. 1986)............................7

*Olmert v. Nelson*, 60 F.R.D. 369 (D. D.C. 1973)...................................................................8

*Penk v. Oregon State Board of Higher Education*, 99 F.R.D. 506 (D. Ore. 1982)..............9

*Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295 (D. Kan. 1996)............................9

*Rascon v. U.S. West Communications, Inc.*, 143 F.3d 1324, 1443-1335 (10th Cir. 1998)...6

*Shannon v. City of Philadelphia*, 1999 U.S. Dist. Lexis 18098, 19 (November 23, 1999)..7

*Weddington v. Consolidated Rail Corp.*, 101 F.R.D. 71 (N.D. Ind. 1984)...........................8

C.     Nature and Stage of the Proceeding

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "the Commission") filed this action on May 31, 2005 pursuant to Title 1 of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. (the "ADA") on behalf of Terry B. Jenkins. The Commission alleged, *inter alia*, that Defendant unlawfully discharged Ms. Jenkins from her position in the Global Loans Department while she was hospitalized for a Sickle Cell Crisis, rather than extending her leave of absence. On or about November 28, 2005, the Commission filed Interrogatories and Request for Production of Documents upon Defendant. The Commission has taken six depositions in this litigation and Defendant has deposed Ms. Jenkins and one other individual. Although the parties have worked out many of their discovery concerns, the EEOC filed this Motion to Compel because the parties have not reached agreement on several of the Commission's interrogatories and document production requests. Dispositive motions are due in this matter on August 14, 2006, and the Court has scheduled a pretrial conference for November 9, 2006.

D.     Summary of Argument

In the discovery requests at issue in this motion, EEOC seeks information on the treatment of other employees according to Defendant's policies and practices on medical leaves of absence. This information is relevant to the determination of whether Defendant violated the ADA when it refused additional leave to Terry B. Jenkins. Defendant has admitted that it is in possession of information responsive to these requests, and has not demonstrated that the provision of it would unduly burden the Defendant. In addition, Citibank Delaware states that Met Life and CNA, the companies administering its medical leave policy and disability plans during the time periods relevant to this case, also have this information. Since Met Life and CNA are companies that

performed a service for Defendant, acting as its agent in determinations of disability, Defendant has sufficient control over the documents and data of Met Life and CNA to be required by law to obtain and produce them to the Commission.

E.      Statement of Facts

_____Terry B. Jenkins, the "Charging Party" upon whose behalf the Commission initiated this lawsuit, was employed by Defendant from 1996 until May of 2002. On November 30, 2001, Ms. Jenkins underwent a double hernia operation. Ms. Jenkins has Sickle Cell Anemia and, due to complications from her surgery, including pneumonia and a Sickle Cell Crisis, she was unable to work. She requested sick leave from Defendant, and both Ms. Jenkins and her physician provided information to Met Life because Ms. Jenkins required additional medical leave.[1] Ms. Jenkins' physician provided several medical notes requesting leave and stating her diagnoses.[2] Throughout the months following Ms. Jenkins' surgery, three of her physicians provided information to Met Life on her conditions, symptoms, and restrictions, including updates on her Sickle Cell Crisis, her blood counts, and other complications in her physical condition that had arisen. The last leave request prior to Ms. Jenkins' May 2002 discharge was dated March 26, 2002, and supplied an estimated return to work date of June 2, 2002.

Ms. Jenkins received sick leave and Family Medical Leave Act (FMLA) leave for a period of time, and was granted short-term disability until February 28, 2002. According to Defendant's

---

[1] According to Defendant's Response to EEOC's Interrogatory No. 14, Met Life has administered Defendant's medical leave policy and short and long term disability plans, starting in 2002 and prior to that, CNA.

[2] Ms. Jenkins' physician provided this leave slip, in addition to other information, to Met Life, as requested by Defendant.

policies as stated in its employee handbook, an employee who does not return to work at the conclusion of thirteen weeks of FMLA Leave and is not eligible for long-term disability or Workers' Compensation can avoid termination if an extension of leave is granted. The policy also provides that an employee can be out on long-term disability for up to twelve months but may be able to receive continued benefits after twelve months under certain circumstances.

When Ms. Jenkins was discharged in May 2002, while hospitalized, she had been out on leave for six months. As stated above, Defendant's policies allow for an employee to be out up to one year and, in some cases they can continue to receive benefits for more than one year. On July 13 and 14, 2006, the EEOC deposed Paula Bianchi, who had been the Met Life Case Manager assigned to Ms. Jenkins, and Thomas Tawyer, the Appeals Specialist on her case, who stated their knowledge that employees of Citibank had been out of work for more than six months for medical reasons.[3]

F.      Argument

1.      The Commission is entitled to receive comparative data on other employees in order to evaluate this evidence in relation to its claim that Ms. Jenkins was entitled to additional leave as a reasonable accommodation.

Although an employer's obligations under the Americans with Disabilities Act are not limited to what its policies provide, an employer's leave policies and its implementation of those policies is relevant to the inquiry into the sufficiency of its efforts at reasonable accommodation. *Rascon v. U.S. West Communications, Inc.*, 143 F.3d 1324, 1443-1335 (10th Cir. 1998). In *Shannon*

---

[3] The transcripts of these depositions are not yet available but can be provided to the court when they are produced to EEOC.

*v. City of Philadelphia*, 1999 U.S. Dist. Lexis 18098, 19 (November 23, 1999), the court looked at the leave provided to other employees is making its decision. This factor was also reviewed in *Cehrs v. Northeast Ohio Alzheimer's Research Center and Windsor House, Inc.*, 155 F.3d 775, 779 (6th Cir. 1998).

In this case, the Commission received information from Ms. Jenkins of at least one employee who was granted a longer leave of absence than herself, and deposition testimony has revealed that in fact other employees were out on medical leaves for longer periods of time than Ms. Jenkins. Defendant's policies allow for an employee to continue to receive benefits after a leave of one year, and they also provide for extensions of leave. The Commission is entitled to review the leaves of absence granted to other employees as a relevant aspect of its ADA case.

2. <u>Defendant is obligated to produce information that is available to it through Met Life, the company who it has authorized to administer its medical leave policy.</u>

It is black letter law that interrogatories should be answered directly and without evasion with accordance with information the answering party possesses after due inquiry. *See* Wright & Miller, *Federal Practice and Procedure: Civil* § 2177; *See also, NEC America Inc. v. United States*, 636 F.Supp. 476, 479 (C.I.T. 1986). Evasive or cryptic answers are ordinarily insufficient. *Pressley v. Boehlke*, 33 F.R.D. 316, 317 (D. N.C. 1963). Moreover, a party is charged with knowledge of what its agents know or what is in the record and available to him. For purposes of Rule 33, information others have given a party on which he intends to rely in his suit must be forthcoming. *See, Cage v. New York Cent. R. Co.*, 276 F.Supp. 778, 786-87 (D. Pa.), *aff'd* 386 F.2d 998 (3d Cir. 1967).

In *Miller v. Doctor's General Hospital*, 76 F.R.D. 136 (W.D. Ok. 1977), the Court ruled that if an appropriate interrogatory is propounded, the answering party is required to give the information

available to him, whether obtained through his attorneys, investigators employed by him or on his behalf, or other agents or representatives, whether personally known to the answering party or not.

If the answering party lacks necessary information to make a full, fair and specific answer to the interrogatory, it should so state under oath and set forth in detail efforts made to obtain the information. The party to whom interrogatories are propounded is not entitled to answer solely on the basis of his own knowledge and not acknowledge other information under his control. *Olmert v. Nelson*, 60 F.R.D. 369 (D. D.C. 1973).

A corporate entity has a duty to discover all information available to it through its officers, employees and others. *See, Weddington v. Consolidated Rail Corp.*, 101 F.R.D. 71 (N.D. Ind. 1984), later proceeding 101 F.R.D. 69 (N.D. Ind. 1984). This includes responses to Interrogatories and Request for Production of Documents. Likewise, in *Brunswick Corp. v. Suzuki Motor Co., Ltd.*, 96 F.R.D. 684 (E.D. Wis. 1983), the court held that Rule 33 requires a corporation to furnish such information as is available from the corporation itself or from sources under its control. *Brunswick* was cited with approval in *Gerling Intl. Ins. Co. v. Commissioner*, 839 F.2d 131, 138 (3d Cir. 1988).

Therefore, Defendant is obligated to produce to EEOC responsive information in possession of Met Life, the companies that have handled its medical leave policy and short and long term disability plans during the time periods relevant to this case. Defendant has the authority to obtain this information from Met Life and CNA, service providers for Defendant.

3. <u>Defendant has not established that it would be unduly burdensome to compile information responsive to EEOC's discovery requests.</u>

Defendant admits that, in addition to the information that is possessed by Met Life and CNA, Defendant itself possesses information responsive to EEOC's unanswered requests. In its July 17,

2002 correspondence with EEOC, defense counsel asks that Citibank be relieved of its obligation to produce responsive information on the grounds that "Citibank Delaware would have to examine the individual file of each and every employee employed by Citibank Delawere for this six year period to obtain such information."

To the extent that Defendant contends that answering discovery requests would be unduly burdensome, it should be required to provide more specific justification for this objection. The fact that providing answers to discovery requests would require the objecting party to expend considerable time, effort, and expense in consulting, reviewing, and analyzing huge volumes of documents and information is not necessarily sufficient to support such an objection. *See, Burns v. Imagine Films Entertaining*, 164 F.R.D. 589 (W.D. N.Y. 1996). This is especially true in a case such as this, when Defendant has been in possession EEOC's requests for over seven months.

In determining a burdensomeness objection, the court must balance the burden to the interrogative party against the benefit to the discovering party of having such information. *Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295 (D. Kan. 1996). This Court has the authority to compel Defendant to compile the information requested if the cost of doing so would be substantially less to Defendant than it would be to Plaintiff. *See, Penk v. Oregon State Board of Higher Education*, 99 F.R.D. 506 (D. Ore. 1982). Moreover, an interrogative party is not permitted to foist a mass of records on a interrogator when the deciphering is feasible only for one familiar with the records. *See, Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16 (S.D. N.Y. 1984).

Plaintiff's interrogatories and document requests were straightforward and specifically directed toward obtaining clearly relevant information and EEOC asks that Defendant be ordered

to produce this information promptly.

G.     Conclusion

Based on the facts and legal authorities presented above, EEOC has shown that it is entitled to receive the information sought in its Interrogatories 4 through 7 and its Requests for Documents 19 and 20. The EEOC should be permitted to review the Defendant's application of its policies to other employees. The information on other employees is relevant to EEOC's claim that Defendant failed to meet its obligation under the Americans with Disabilities Act to provide leave as a reasonable accommodation to Ms. Terry B. Jenkins.

Respectfully submitted,

/s/ *Cynthia A. Locke*
Cynthia A. Locke, Trial Attorney
U.S. Equal Employment Opportunity Commission
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2683  Telephone
(215) 440-2848  Facsimile
cynthia.locke@eeoc.gov