IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : <br> : <br> : |
| Plaintiff, | :    CASE NO. 05-348(JJF) <br> : |
| v. | : <br> : |
| CITIBANK DELAWARE | : <br> : |
| Defendant. | : |

**DEFENDANT CITIBANK DELAWARE'S RESPONSE
TO PLAINTIFF EEOC'S MOTION TO COMPEL DEFENDANT
<u>CITIBANK DELAWARE'S DISCOVERY RESPONSES</u>**

By and through its undersigned counsel, Citibank Delaware ("Citibank") responds to Plaintiff EEOC's Motion to Compel Defendant Citibank Delaware's Discovery Responses ("Motion to Compel") and for the reasons set forth below requests that the Court deny the EEOC's Motion to Compel:

1. The EEOC simply cannot demonstrate the relevancy of the broad discovery that it seeks in connection with this action or that the information that it seeks will lead to the discovery of admissible evidence. <u>See</u> Fed. R. Civ. P. 26(b) (discovery cannot be had if it does not appear reasonably calculated to lead to the discovery of admissible evidence). In support of its Motion, the EEOC has asserted that the Court should force Citibank to search all of its personnel files for leave of absence records for individuals employed by Citibank from 1996 to the present so that the EEOC may demonstrate Citibank's policies with respect to granting extended leaves of absence as a reasonable accommodation. However, the EEOC cannot point to one case in which the Court allowed a plaintiff to conduct discovery regarding every leave of absence for an extended time period that any employee of a company was permitted to take. (<u>See</u> EEOC's Motion to Compel, D.I. 34.)

2. Even if the EEOC could demonstrate that a party is entitled to such information in order to demonstrate that an employee was entitled to a reasonable accommodation, the EEOC should not be allowed such information in this case because it will shed no light on its claim that Citibank should have engaged in an interactive process with Ms. Jenkins. See Jones v. U.P.S., 214 F.3d 402, 407-408 (3d Cir. 2000) (under the ADA, an employer is not required to take part in the interactive process to identify an appropriate accommodation until an employee has provided the employer with notice of the disability and a request for an accommodation). The absence of relevancy is apparent in this case because, the EEOC failed to establish that Citibank knew of Ms. Jenkins' medical condition, knew that it was a disability and knew that Citibank was required to engage in the interactive process and offer Ms. Jenkins additional leave. (See Dep. of S. Zobel, attached as Exhibit C to the Brief in Support of this Response ("Br. in Supp."), at 78, 82-89, 99-101; Dep. of T. Jenkins, attached as Exhibit A to the Br. in Supp., at 130-133; Dep. of G. Scudder, attached as Exhibit G to the Br. in Supp., at 38-46; Excerpt of MetLife Telephone Log, attached as Exhibit D to Br. in Supp., at ML0061)

3. The Court also should deny the EEOC's Motion on the grounds that the burden and expense of the proposed discovery outweigh its likely benefit. See Bates v. Tandy Corp., 03-5519, 2005 WL 1162502, at *1-2 (E.D. Pa. May 17, 2005) (denying plaintiffs' motion to compel nationwide discovery because it would require "over 1000 hours and six months of data retrieval and formatting," which would provide plaintiffs with a "limited benefit").

4. To obtain information regarding durations of leave, Citibank would have to conduct a review of numerous records to determine which individuals it employed from 1996 to the present. (See Decl. of Soohoo, attached to Br. in Supp. as Ex. L, at ¶ 6.) After that review, it would have to individually review thousands of files to determine who took a leave of absence

and to determine the duration of the leave(s). (See Id. at ¶¶ 5, 7.) This process would take Citibank 100 hours. (Id. at ¶ 7.) As set forth above, the information would provide the EEOC with no information bearing on its claim, and thus is of no benefit. For this additional reason, the Court should deny the EEOC's motion.

5. Pursuant to Federal Rules of Civil Procedure 33 and 34, a party is only required to provide information within its possession, custody and/or control. See Fed. R. Civ. P. 33 & 34. Most of the information that the EEOC has requested from Citibank is not within Citibank's possession, custody and/or control, and thus Citibank is not required to produce it. (See EEOC's Written Discovery Requests dated November 28, 2005, attached as Exhibit I to Br. in Supp.; Citibank's Written Discovery Responses dated January 18, 2006, attached as Exhibit J to Br. in Supp.; MetLife Administrative Service Agreement, attached as Exhibit H to Br. in Supp., at CB00145) Instead, it is within the possession, custody and/or control of the Third Party Administrator of Citibank's Short Term Disability and Family and Medical Leave Policies, (See Ex. J to Br. in Supp.), who is not permitted to provide the information to Citibank without obtaining a written authorization from each Participant. (See Ex. H to Br. in Supp at CB00145.)

6. Although Citibank was not required to do so, in January of 2006, it disclosed the location of the information and documents to the EEOC. (See Ex. J to Br. in Supp.) On January 18, 2006, it provided a copy of the Administrative Services Agreement to the EEOC. (Letter from Pontoski to Locke of January 18, 2006, attached as Exhibit N to Br. in Supp.)

7. Despite Citibank's disclosure, nearly six months prior to the close of discovery, the EEOC has not requested this information from MetLife or CNA. (Subpoenas directed to Metlife Employees T. Tawyer and P. Bianchi, attached as Exhibit K to Br. in Supp.) If the EEOC wanted the information, it should have requested it from MetLife and CNA during the

discovery period. It failed to do so, and thus, should not now be allowed to impose on Citibank the obligation to gather information from non-parties whose existence and possession of the information has been known to EEOC for almost six months.

8.      Moreover, it would be unduly burdensome for Citibank or its Third Party Administrator to produce this information, as they would need to obtain written authorizations from each individual who took a leave of absence. In addition, the government has not demonstrated a particularized need for this discovery that would justify the intrusion into the privacy rights of third parties that this production requires. See U.S. v. Federation of Physicians and Dentists, Inc., 63 F. Supp. 2d 475, 479-80 (D. Del. 1999) (Holding that non-party physicians' privacy concerns outweighed government's interest in obtaining discovery of individual financial information related to labor organization's recruitment of physicians during their fee negotiations with insurer where records sought were only remotely connected to government's claims, and government's request was based on speculative argument.).

9.   For the reasons set forth above, and the reasons set forth in Citibank's accompanying Brief in Support of this Response, the Court should deny the EEOC's Motion to Compel.

|  |  |
|---|---|
|  | Respectfully submitted:<br><br>_/s/ (signed by another for David H. Williams)_<br>David H. Williams (#616)<br>Morris James Hitchens and Williams, LLP<br>222 Delaware Avenue<br>P.O. Box 2306<br>Wilmington, DE 19899<br>(302) 888-6900<br>dwilliams@morrisjames.com |
| OF COUNSEL: | Judith E. Harris<br>Sarah E. Pontoski<br>Morgan, Lewis & Bockius LLP<br>1701 Market Street<br>Philadelphia, PA  19103<br>(215) 963-5028/5059<br>jeharris@morganlewis.com<br>spontoski@morganlewis.com |
| Dated:  August 3, 2006 | Attorneys for Defendant<br>Citibank Delaware |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> CITIBANK DELAWARE <br><br> Defendant. | : <br> : <br> : <br> : CASE NO. 05-348 JJF <br> : <br> : <br> : <br> : <br> : |

**PROPOSED ORDER**

AND NOW on this _____ day of _____ 2006, upon consideration of Plaintiff EEOC's Motion To Compel Defendant Citibank Delaware's Discovery Responses, and Defendant Citibank Delaware's response thereto, it is hereby ORDERED that the EEOC's Motion To Compel Defendant Citibank Delaware's Discovery Responses is DENIED.

_____
The Honorable Joseph J. Farnan

1438956/1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-348 JJF |
| CITIBANK DELAWARE, | ) ) ) | |
| Defendant. | ) | |

### CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on August 3, 2006, I electronically filed the attached **DEFENDANT CITIBANK DELAWARE'S RESPONSE TO PLAINTIFF EEOC'S MOTION TO COMPEL DEFENDANT CITIBANK DELAWARE'S DISCOVERY RESPONSES** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Cynthia A. Locke, Esquire
Equal Employment Opportunity
Commission
The Bourse
21 S. 5th Street, Suite 400
Philadelphia, PA  19106

Douglas McCann, Esquire
Assistant United States Attorney
Chief, Civil Division
The Nemours Building
1007 North Orange Street, Suite 700
Wilmington, DE  19899-2046

/s/ James H. McMackin III (#4284) for David H. Williams
David H. Williams (#616)
Morris, James, Hitchens & Williams, LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900
dwilliams@morrisjames.com

OF COUNSEL:

Judith E. Harris
Sarah E. Pontoski
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
(215) 963-5028/5059

Dated:  August 3, 2006        Attorneys for Defendant

DHW/109990-0001/1438302/1