# Exhibits I and J

# Exhibit I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **05-348 JJF** |
| | ) | |
| | ) | |
| **CITIBANK DELAWARE,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFF EEOC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CITIBANK DELAWARE

PLEASE TAKE NOTICE that Plaintiff, the Equal Employment Opportunity Commission, requests pursuant to Rule 34 of the Federal Rules of Civil Procedure, that Defendant produce the following documents within their possession or control to Cynthia Locke, Trial Attorney at the offices of the Equal Employment Opportunity Commission, 21 S. 5th Street, Suite 400, Philadelphia, PA 19106, within 30 days of receipt of this document request. This request is continuing, and requires further and supplemental production as Defendant obtain additional documents covered by this request between the date of production and the date of trial.

For the purpose of this request for document production, the following definitions and instructions shall apply:

(a) "Defendant" or "employer" or shall mean Citibank Delaware[1], and all present and/ or former directors, officers, agents, representatives, and all other persons acting with, for, or on its behalf.

(b) "Document" shall mean any written, printed, typed, computerized, programmed or graphic matter of any kind or nature, however produced or reproduced, and all mechanical or electronic sound recordings, or transcripts thereof, however produced or reproduced, of any kind or description, in the possession, custody or control of Defendant or any agent or attorney of Defendants, or to which Defendant may obtain access, possession, or control, regardless of where located. The term "document" includes but is not limited to memoranda, reports, envelopes, handwritten notes both in drafts and final forms, notes of telephone conversations and conferences, studies, analyses, bulletins, instructions, inter and intra-office communications, e-mails or electronic mails (hard copies or discs), photographs and all forms and means of data compilations and recordings, computer discs, including any computerized form of data. The term "document" shall include the original and copies of the documents, if the copies differ from the original in any way.

If any such document was, but is no longer in your possession or subject to your control, or is no longer in existence, state whether it is (a) missing or lost, (b) has been destroyed, (c) has been transferred voluntarily or involuntarily to others or (d) has been otherwise disposed of; and, in each instance, explain the circumstances surrounding an authorization for such disposition and state the date or approximate date thereof.

---

[1]This assumes that Defendant produces documents to demonstrate that Ms. Jenkins' employer was Citibank Delaware. If this is not done, Defendant will refer to Citibank and to Citigroup Global Markets, Inc.

**Requests for Documents**

1.    Produce all documents identified in your initial disclosures.

2.    Produce the personnel or employee files, including medical files, of Ms. Terry Jenkins from the start of her employment to the present time.

3.    Produce Ms. Terry Jenkins' performance reviews, and all documents relating to her performance during the course of her employment with Defendant and relating to  the termination of her employment.

4.    Produce all documents which support your decision to terminate the employment of Ms. Terry Jenkins.

5.    Produce all attendance records for Ms. Terry Jenkins for the period from her hire date in July 1996 through her discharge, including but not limited to attendance records from her hire date to the effective start date of her Medical Leave on November 30, 2001, and for her attendance in January 2002.

6.    Produce all pay stubs for Ms. Terry Jenkins from the period when her Medical Leave began on November 30, 2001 through the last check issued by the Defendant to Ms. Jenkins.

7.    Produce documents that demonstrate the salary and benefits to which Ms.. Jenkins was entitled during her employment with Defendant.

8.    Produce documents that show the salary and benefits Ms. Jenkins would have received to the present date, had she remained employed by Defendant.

9.    For the following individuals, provide all documents related to their leaves of absence, medical, or otherwise: Tracy Pinkett, Sheryl Gager.



10.  Produce all documents which discuss or memorialize in any manner, Defendant's benefits package from 1996 to the present, including any changes that Salmon Smith Barney made to Citibank's benefits, in particular any benefits offered to employees upon five years vesting with the Defendant.

11.  Produce all documents which discuss or memorialize in any manner, the reasons for the denial of Defendant's benefit package for those employees vested five years to Ms. Jenkins.

12.  Produce all requests for medical leave made by or on behalf of Ms. Jenkins.

13.  Produce all documents reflecting or memorializing communications between Ms. Jenkins and MetLife related to Ms. Jenkins and/or her applications for leave and for disability benefits.

14.  Produce all documents reflecting or memorializing communications between Met Life and Defendant concerning Ms. Jenkins and/or her applications for leave and disability benefits. As with all documents requests made by EEOC herein, please refer to the definition of document in these instructions and include in your response all e-mail and electronic mail correspondence.

15.  Produce all documents reflecting or concerning communications between Defendant and Ms. Jenkins concerning Ms. Jenkins' application for leave and disability benefits.

16.  Produce all documents which discuss or memorialize in any manner, your attempts to contact Ms. Terry Jenkins after your written notification to her on April 2, 2002 regarding the exhaustion of her Medical Leave and prior and up to her effective termination date of May 13, 2002.

17.   Produce all documents which discuss or memorialize communications between Defendant and Ms. Jenkins regarding her illnesses, hospitalization or medical conditions from 1996 to the present time.

18.   Produce all documents supplied to Defendant by Ms. Jenkins, any of her physicians, Met Life, or any medical professional, that concern Ms. Jenkins' medical conditions or illnesses or health.

19.   Produce documents that discuss or memorialize Employee Medical Leaves or Family Medical Leaves taken by employees of Defendant (including but not limited to the Citibank Financial Investigation Unit and Citibank Global Markets, Global Loans Unit) from January 1996 to the present time.

20.   Produce all documents that discuss or memorialize short or long term disability leave taken by employees of Defendant other than Ms. Jenkins from 2001 to the present.

21.   Produce all insurance policies applicable to the claims in this case.

22.   Produce all company policies on Equal Employment issues, job abandonment, and termination that have been in effect at any time from January 1996 to the present time, indicating the dates of their effectiveness.

23.   Produce all company policies on medical leave and disability that have been in effect at any time from January 1996 to the present time, indicating the dates of their effectiveness

24.   Produce all contracts, and other documents reflecting or memorializing agreements between Defendant and Met Life regarding the provision of disability benefits by Met Life to employees of Defendant, that were in effect from 2001 to the present.

25.   Produce all contracts, and other documents reflecting or memorializing agreements

between Defendant and Met Life regarding the process of determining eligibility for

disability benefits, that were in effect from 2001 to the present time.

26.     Produce all short and long-term disability policies that applied to benefits for which Ms.

Jenkins was eligible during her employment with Defendant.

27.     Produce all short and long-term disability policies which applied to employees other than

Ms. Jenkins from 2001 to the present.

28.     Produce Defendant's income tax returns for 2002 to the present.

29.     Produce all of Defendant's assets and liabilities statements from 2002 to the present.

30.     Produce all of Defendant's certified  financial statements from 2002 to the present.

31.     Produce certified, official documents that show Defendant's sales and profits thus far for

2005, and supplement this production when the complete documents are available.

32.     Produce documents that support your position that Citibank Delaware was the employer

of Ms. Jenkins.

33.     Produce all job descriptions for positions held by Ms. Jenkins during her employment for

Defendant.


                              Very truly yours,

                              Cynthia A. Locke, Trial Attorney
                              Equal Employment Opportunity Commission
                              21 S. 5th Street, Suite 400
                              Philadelphia, PA  19106
                              (215) 440-2683


Date: November 26, 2005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| **v.** | ) ) ) | **CIVIL ACTION NO. 05-348 JJF** |
| **CITIBANK DELAWARE,** | ) ) ) | |
| **Defendant** | ) ) | |

## PLAINTIFF EEOC'S FIRST SET OF INTERROGATORIES

PLEASE TAKE NOTICE that Plaintiff, the Equal Employment Opportunity Commission, requests pursuant to Rule 33 of the Federal Rules of Civil Procedure, that Defendant, by officers or agents thereof, answer under oath and respond within thirty (30) days after service hereof to the following written interrogatories.

The Defendant is requested to answer these interrogatories by or through any of its duly authorized officers or agents who are competent to testify on its behalf, and who know or have access to such information to which the interrogatories are directed.

The Defendant is hereby requested to seasonably supplement its responses to these interrogatories pursuant to Federal Rules of Civil Procedure, Rule 26(e)(1) and (2). For the purpose of Rule 26(e)(3) of the Federal Rules of Civil Procedure, this request is deemed to be a "new request" within the meaning of subparagraph (e)(3) for each thirty (30) day period prior to the time of trial.

1. For the purpose of these interrogatories, the following definitions shall apply:

(a)  "Defendant" shall mean Citibank Delaware ("Citibank")[1], and all present and/ or former directors, officers, agents, representatives, and all other persons acting with, for, or on its behalf.

(b)  "Document" shall mean any written, printed, typed, computerized, programmed or graphic matter of any kind or nature, however produced or reproduced, and all mechanical or electronic sound recordings, or transcripts thereof, however produced or reproduced, including but not limited to memoranda, reports, envelopes, handwritten notes both in drafts and final forms, notes of telephone conversations and conferences, studies, analyses, bulletins, instructions, inter and intra-office communications, e-mails or electronic mails, computer discs, photographs and all forms and means of data compilations and recordings.

(c)  "Identify" shall in each instance mean as to a person or persons to state his or her full name, present or last known business or residence address and telephone number, the title of the position or positions held with the Defendant, and his or her employment dates.

(d)  "Identify" shall in each instance mean as to a document, that the document should be identified with sufficient specificity to form the basis of a Rule 34 of the Federal Rules of Civil Procedure request, including the date, author, type of document (e.g. letter, memorandum, telegram, chart, e-mail or electronic mail, sound reproduction, etc.), and the present location and custodian of the document.  If any such document was, but is no longer in your possession or subject to your control, or is no longer in existence, state whether it is (a) missing or lost, (b) has

---

[1]This assumes that Defendant produces documents to demonstrate that Ms. Jenkins' employer was Citibank Delaware. If this is not done, "Defendant" will also refer to Citigroup Global Markets.

been destroyed, (c) has been transferred voluntarily or involuntarily to others or (d) has been otherwise disposed of; and, in each instance, explain the circumstances surrounding an authorization for such disposition and state the date or approximate date thereof.

(e) "Identify" shall mean with respect to a business, to provide all names under which the business has been known from January 1996 to the present, and all addresses in which it has conducted business, as well as the address of the offices, if different.

(f) "Job" shall mean any position of employment either presently in existence or previously in existence at the Defendant's facility, whether held on a part-time, temporary or permanent basis.

(g) "Job title" shall mean the name of the position an employee fills or of the job an employee does.

(h) "Discharge" shall include each employee who was terminated by Defendant, voluntarily or involuntarily, and/or quit or resigned after being notified that he/she is to be terminated.

(i) "Disciplinary action" means any measure, oral or written, taken by the company against an employee who has engaged in any conduct contrary to any rule, policy, practice or procedure of the company, either expressed or implied.

2. For the purpose of these interrogatories, the following instructions shall apply unless the contrary is expressly stated in the text hereof:

(a) Since the response to these interrogatories will be made by an officer or agent of the defendant, the person making said response shall use or furnish such information as is available to the defendant, including information which is known by, or in the custody of, any of the

defendant's representatives, attorneys, agents, officers or employees.

(b)  If an interrogatory cannot or will not be responded to in full, either because of lack of information or the existence of an alleged privilege, or for any other reason, the interrogatory should be answered to the greatest extent possible, and that part of the interrogatory not being answered should be identified specifically along with the reason(s) for not being responded to more completely.

(c)  Throughout these interrogatories, the use of the singular of any word, term or concept shall always include the plural thereof, and vice versa, and any gender and tense shall always include the other, unless the context indicates otherwise.

(d)  If an interrogatory cannot or will not be responded to in full, either because of lack of information or the existence of an alleged privilege, or for any other reason, the interrogatory should be answered to the greatest extent possible, and that part of the interrogatory not being answered should be identified specifically along with the reason(s) for not being responded to more completely.

(e) The time period covered by these discovery requests shall be  from January 2000 through the present, unless otherwise specified.

Sincerely,

Cynthia A. Locke, Trial Attorney
Equal Employment Opportunity Commission
21 s. 5th Street, Suite 400
Philadelphia, PA  19106
(215) 440-2683

Page -4-

Interrogatory No. 1:

Identify all legal actions in which Defendant in this case has been named as a Defendant, wherein the complaint alleged that the Defendant violated the Americans with Disabilities Act.

Interrogatory No. 2:

Identify, using the definition found in Section 1 (c) of the Introduction to these Interrogatories, each and every employee who complained, orally or in writing, that he was subjected to discrimination by any Defendant in this case, on the basis of his disability, handicap, or impairment, from 1996 to the present time.

Interrogatory No. 3:
Identify all facilities operated by Citibank Delaware from 1996 to the present.

Interrogatory No. 4:
Identify, using the definition found in Section 1 (c) of the Introduction to these Interrogatories, and state the total number of employees of Defendant who requested and were granted medical leave (including Employee Medical Leave, Family Medical Leave, disability leave (long or short-term) or any other medical leave) during the period of Ms. Terry Jenkins' employment, from July 1996 through May 2002.

Interrogatory No. 5:

For the individuals and periods of leave identified in your response to Interrogatory No. 4, state the duration of each period of leave. If an individual received more than one periods of leave, state the duration of each period of leave granted to that employee.

Interrogatory No. 6:

Identify, using the definition found in Section 1 (c) of the Introduction to these Interrogatories, and state the number of employees who applied for and were granted disability benefits during the period of Ms. Terry Jenkins employment, from July 1996 through May 2002.



Interrogatory No. 7:

For each employee identified in your response to Interrogatory No. 6, state the period of time that each person received disability benefits. If that individual received one or more extensions of benefits, indicate the length of time of each extension.

Interrogatory No. 8:

State each and every reason why Ms. Terry Jenkins was terminated on or about May of 2002.



**Interrogatory No. 9:**

For each reason why you state Ms. Terry Jenkins was terminated, identify as that term is defined in Section 1(c), above, in the Introduction to these Interrogatories, each and every employee, supervisor, manager, officer, executive, official or director, whether employed by Defendant or Met Life, who participated or provided input into the decision to terminate the employment of Ms. Jenkins.

**Interrogatory No. 10:**

Identify, as that term is defined in the Introduction to these Interrogatories, each individual from Met Life who communicated with Defendant or any representative of Defendant regarding Ms. Jenkins' disability benefits, application for disability benefits and/or the termination thereof.

Interrogatory No. 11:

Using the definition contain in Section 1(c) to the Introduction to these Interrogatories, identify all employees of Defendant or Met Life who communicated with Ms. Jenkins, Gregory Scudder or any physician or health care professional treating Ms. Jenkins, with regard to her medical conditions or illnesses at any time from 1996 through 2002.

Interrogatory No. 12:

State each and every reason why Ms. Terry Jenkins was denied the benefit of receiving thirteen weeks of full pay followed by short-term disability pay which is granted to those employees with five years of service.



Interrogatory No. 13:

Identify, using the Definition found in Section 1(c) to the Introduction to these Interrogatories, all employees of Defendant who communicated with Met Life representatives regarding employees' applications for leave and/or applications for disability benefits from the period of time from 1996 to the present.

Interrogatory No. 14:

Identify, using the Definition found in Section 1(c) to the Introduction to these Interrogatories, all employees of Defendant who were responsible for making decisions on employee requests for medical leaves and disability benefits from 1996 through 2001.

Interrogatory No. 15:

Identify, as that term is defined in (c) above, the person or persons who answered or assisted in answering each of these interrogatories and specify which interrogatory or interrogatories each such person answered or assisted in answering.

Interrogatory No. 16:

Identify all documents which contain Defendant's policies on medical leave, disability leave, disability benefits, job abandonment and termination of employment from 2001 to the present time.

<u>Interrogatory No. 17:</u>
Identify all experts that you have consulted for this case, their areas of expertise, and whether or not they will be called to testify at trial.

<u>Interrogatory No. 18:</u>
Identify, as that term is defined in (c) above, all employees who worked at the New Castle, Delaware Global Loans Department from 1996 to 2002.

Interrogatory No. 19:
Identify, using the definition found in Section 1(c) of the Introduction to these Interrogatories, any employees of Met Life or Defendant who had knowledge of Ms. Jenkins' medical conditions or illnesses from 1996 to the present time.

Interrogatory No. 20:
Identify, using the definition found in Section 1(c) of the Introduction to these Interrogatories, the employee or employees responsible for employee benefits at the New Castle facility from 2001 to the present time.





Interrogatory No. 21:
Identify, using the definition found in Section 1(c) of the Introduction to these Interrogatories, the employee or employees who have knowledge of Defendant's financial statements and profit and loss for the period of time from 2001 to the present.

Interrogatory No. 22:
Identify, using the definition found in Section 1(c) of the Introduction to these Interrogatories, all employees who managed or supervised Ms. Jenkins during her employment for Defendant.

Sincerely,

Cynthia A. Locke, Trial Attorney
Equal Employment Opportunity Commission
21 S. 5th Street, Suite 400
Philadelphia, PA  19106
(215) 440-2683

Date: November 28, 2005

# Exhibit J

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | ) | |
| **COMMISSION,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **05-348 JJF** |
| **CITIBANK DELAWARE,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## DEFENDANT CITIBANK DELAWARE'S OBJECTIONS AND RESPONSES TO PLAINTIFF EEOC'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Citibank Delaware ("Citibank"), by and through its attorneys, hereby serves its Objections and Amended Responses to Plaintiff EEOC's First Set of Interrogatories. The responses set forth below reflect the present knowledge of Citibank and the results of its investigation to date. Citibank reserves the right to supplement or amend these responses as may be necessary or appropriate in the future in accordance with Fed. R. Civ. P. 26.

## GENERAL OBJECTIONS

(a)     Citibank objects generally to Plaintiff's Interrogatories, including the instructions and definitions contained therein, to the extent that they seek information that is protected from disclosure by the attorney-client privilege or the attorney work-product doctrine, that is subject to the restrictions of Fed. R. Civ. P. 26(b)(3), or that is otherwise privileged or protected and not subject to discovery including, but not limited to, information or documents gathered by counsel from persons other than Defendants in defense of this litigation.

(b)    Citibank objects generally to Plaintiff's Interrogatories, including the instructions and definitions contained therein, on the grounds that they are overbroad and/or unduly burdensome and seek information that is not reasonably calculated to lead to the production of admissible evidence and/or seek information that is not relevant to the claims or defenses of any party to this action.

(c)    Citibank objects to Plaintiff's Interrogatories to the extent that Plaintiff seeks information relating to any facility, entity, department, or work unit other than the facilities, entities, departments, or work units in which Theresa B. Jenkins was employed.

(d)    Citibank objects to Plaintiff's Interrogatories to the extent that they seek to impose burdens or obligations on it beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure, including but not limited to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 33.  Citibank will respond to Plaintiff's Interrogatories in accordance with Fed. R. Civ. P. 26 and 33.

(e)    Citibank objects to Plaintiff's Interrogatories to the extent that they seek to impose upon it obligations to provide responses with respect to information that is not in its possession, custody and/or control.

(f)    Citibank objects to Plaintiff's Interrogatories to the extent that they seek information already in the possession of Plaintiff, or information that is equally available to Plaintiff as to Citibank, by way of its having been previously produced to Plaintiff.

(g)    Citibank objects generally to Plaintiff's Interrogatories that seek information of a personal, proprietary or confidential nature to Citibank or to any of Citibank's current or former employees, without execution of an appropriate Stipulation of Confidentiality.

(h)     Citibank objects to Plaintiff's Interrogatories insofar as they seek information about events that occurred more than 300 days before Ms. Jenkins filed her charge of discrimination with the EEOC on the grounds that such Interrogatories seek information not reasonably calculated to lead to the discovery of admissible evidence.

(i)     Citibank objects to Plaintiff's Interrogatories to the extent that they are vague and/or ambiguous.

(j)     Citibank incorporates these objections into each and every response below to the extent applicable.

## SPECIFIC OBJECTIONS AND RESPONSES

Interrogatory No. 1:

Identify all legal actions in which Defendant in this case has been named as a Defendant, wherein the complaint alleged that the Defendant violated the Americans with Disabilities Act.

**RESPONSE:**

**Citibank objects to this interrogatory, as it is overbroad and/or unduly burdensome, and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action.  Citibank further objects to this interrogatory to the extent that Plaintiff seeks information relating to any facility, entity, department, or work unit other than the facilities, entities, departments, or work units in which Theresa Jenkins was employed. Subject to and without waiver of the foregoing objections Citibank responds that from 2000 until the date of Ms. Jenkin's resignation the following individuals in Ms. Jenkins' department have brought legal actions in which they have alleged that Citibank violated the Americans with Disabilities Act:  the EEOC has brought a legal action on behalf of Ms.**

**Jenkins - EEOC v. Citibank Delaware, C.A. No. 05-348, United States District Court for the District of Delaware.**

Interrogatory No. 2:

Identify, using the definition found in Section 1 (c) of the Introduction to these Interrogatories, each and every employee who complained, orally or in writing, that he was subjected to discrimination by any Defendant in this case, on the basis of his disability, handicap, or impairment, from 1996 to the present time.

**RESPONSE:**

**Citibank objects to this interrogatory, as it is overbroad and/or unduly burdensome, and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action. Citibank further objects to this interrogatory to the extent that Plaintiff seeks information relating to any facility, entity, department, or work unit other than the facilities, entities, departments, or work units in which Theresa Jenkins was employed. Citibank further objects to the terms "handicap," "impairment," and "complaint," as they are vague and/or ambiguous. Citibank further objects to this Interrogatory on the grounds that it calls for the disclosure of information that is of a private, personal and/or confidential nature to Citibank's current or former employees.**

Interrogatory No. 3:

Identify all facilities operated by Citibank Delaware from 1996 to the present.

**RESPONSE:**

**Citibank objects to this interrogatory, as it is overbroad and/or unduly burdensome, and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party**

**to this action.  Citibank further objects to this interrogatory to the extent that Plaintiff seeks information relating to any facility, entity, department, or work unit other than the facilities, entities, departments, or work units in which Theresa Jenkins was employed. Subject to and without waiver of the foregoing objections Citibank responds that from 1996 until the present, it has operated a facility located at 1 Penns Way, New Castle, DE, 19720.**

Interrogatory No. 4:

Identify, using the definition found in Section 1 (c) of the Introduction to these Interrogatories, and state the total number of employees of Defendant who requested and were granted medical leave (including Employee Medical Leave, Family Medical Leave, disability leave (long or short-term) or any other medical leave) during the period of Ms. Terry Jenkins' employment, from July 1996 through May 2002.

**RESPONSE:**

**Citibank objects to this Interrogatory on the grounds that it is unduly burdensome and not reasonably limited in time and scope, and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action.**

Interrogatory No. 5:

For the individuals and periods of leave identified in your response to Interrogatory No. 4, state the duration of each period of leave.  If an individual received more than one periods of leave, state the duration of each period of leave granted to that employee.

**RESPONSE:**

**Citibank objects to this Interrogatory on the grounds that it is unduly burdensome and not reasonably limited in time and scope, and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action.**

Interrogatory No. 6:

Identify, using the definition found in Section 1 (c) of the Introduction to these Interrogatories, and state the number of employees who applied for and were granted disability benefits during the period of Ms. Terry Jenkins employment, from July 1996 through May 2002.

**RESPONSE:**

**Citibank objects to this Interrogatory on the grounds that it is unduly burdensome and not reasonably limited in time and scope, and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action.**

Interrogatory No. 7:

For each employee identified in your response to Interrogatory No. 6, state the period of time that each person received disability benefits. If that individual received one or more extensions of benefits, indicate the length of time of each extension.

**RESPONSE:**

**Citibank objects to this Interrogatory on the grounds that it is unduly burdensome and not reasonably limited in time and scope, and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action.**

Interrogatory No. 8:

State each and every reason why Ms. Terry Jenkins was terminated on or about May of 2002.

**RESPONSE:**

**Citibank responds that in May of 2002, Ms. Jenkins voluntarily resigned, as she failed to return from a leave of absence, failed to provide medical documentation of her need for**

**additional leave, and failed to respond to inquiries from Citibank regarding her return to work, with or without accommodation.**

Interrogatory No. 9:

For each reason why you state Ms. Terry Jenkins was terminated, identify as that term is defined in Section 1(c), above, in the Introduction to these Interrogatories, each and every employee, supervisor, manager, officer, executive, official or director, whether employed by Defendant or Met Life, who participated or provided input into the decision to terminate the employment of Ms. Jenkins.

**RESPOND:**

**Citibank objects to this interrogatory to the extent that it calls for information that is not within Citibank's possession, custody and/or control, as information regarding employees, supervisors, managers, officers, executives, and/or official directors of MetLife is within the possession, custody and/or control of MetLife.**

**Subject to and without waiver of the foregoing objections, Citibank responds that no employee, supervisor, manager, ~~officer, executive, official or director,~~ employed by Citibank participated or provided input into the decision to terminate the employment of Ms. Jenkins. Ms. Jenkins voluntarily terminated her own employment by failing to respond to Citibank's inquiries regarding her anticipated return to work with or without a reasonable accommodation.**

Interrogatory No. 10:

Identify, as that term is defined in the Introduction to these Interrogatories, each individual from Met Life who communicated with Defendant or any representative of Defendant regarding Ms. Jenkins' disability benefits, application for disability benefits and/or the termination thereof.

**RESPOND:**

**Citibank objects to this interrogatory to the extent that it calls for information that is not within Citibank's possession, custody and/or control, as information regarding employees, supervisors, managers, officers, executives, and/or official directors of MetLife is within the possession, custody and/or control of MetLife.**

**Subject to and without waiver of the foregoing objections, Citibank responds that it communicated with Paula Bianchi and Thomas A. Tawyer.**

Interrogatory No. 11:

Using the definition contain in Section 1(c) to the Introduction to these Interrogatories, identify all employees of Defendant or Met Life who communicated with Ms. Jenkins, Gregory Scudder or any physician or health care professional treating Ms. Jenkins, with regard to her medical conditions or illnesses at any time from 1996 through 2002.

**RESPONSE:**

**Citibank objects to this interrogatory to the extent that it calls for information that is not within Citibank's possession, custody and/or control, as information regarding MetLife's communications is within the possession, custody and/or control of MetLife.**

**Subject to and without waiver of the foregoing objections, Citibank responds that no-one from Citibank communicated with Ms. Jenkins, Mr. Scudder, or any physician or health care professional treating Ms. Jenkins regarding her medical condition or illness at anytime from 1996 through 2002.**

Interrogatory No. 12:

State each and every reason why Ms. Terry Jenkins was denied the benefit of receiving thirteen weeks of full pay followed by short-term disability pay which is granted to those employees with five years of service.

**The Family and Medical Leave Act ("FMLA") requires an employer to grant an eligible employee a total of 12 workweeks of leave during any 12-month period. The FMLA does**

not require an employer to provide paid medical leave. Citibank's Family and Medical Leave Policy ("FML") permits eligible employees to take up to thirteen weeks of unpaid leave due to their own serious medical condition. A Citibank employee is required to first use any available sick days, personal days, and vacation if applicable, in that order. The remainder of the leave is unpaid.

CNA was the third party administrator of Citibank's medial leave policy and short term and long term disability plans in 2001. MetLife was the third party administrator of Citibank's medical leave policy and short term and long term disability plans in 2002. Employees submitted their applications for medical leave or disability benefits directly to CNA or MetLife. They did not submit their applications to Citibank, and thus, Citibank does not possess information that is responsive to this interrogatory.

Interrogatory No. 13:
Identify, using the Definition found in Section 1(c) to the Introduction to these Interrogatories, all employees of Defendant who communicated with Met Life representatives regarding employees' applications for leave and/or applications for disability benefits from the period of time from 1996 to the present.

RESPONSE:

Citibank objects to this interrogatory as it is vague and/or ambiguous, as it is unclear what employees the EEOC is referring to in this interrogatory. Citibank further objects to this interrogatory on the grounds that it is unduly burdensome, not reasonably limited in time and scope, and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action.

Subject to and without waiver of the foregoing objections, Citibank responds that Sara Zobel communicated with MetLife representatives regarding Citibank employees'

applications for leave and/or applications for disability benefits from November 30, 2001

until May 13, 2002. In addition, Patricia Diane Stewart received written communications

from MetLife regarding Ms. Jenkins' application for leave and application for disability

benefits.

Interrogatory No. 14:

Identify, using the Definition found in Section 1(c) to the Introduction to these Interrogatories, all employees of Defendant who were responsible for making decisions on employee requests for medical leaves and disability benefits from 1996 through 2001.

RESPONSE:

Citibank objects to this interrogatory on the grounds that it is unduly burdensome, not

reasonably limited in time and scope, and it seeks information that is not reasonably

calculated to lead to the discovery of admissible evidence and/or seeks information that is

not relevant to the claims or defenses of any party to this action.

CNA was the third party administrator of Citibank's medical leave policy and short term

and long term disability plans in 2001. MetLife was the third party administrator of

Citibank's medical leave policy and short term and long term disability plans in 2002.

Employees submitted their applications for medical leave or disability benefits directly to

CNA or MetLife. They did not submit their applications to Citibank, and thus, Citibank

does not possess information that is responsive to this interrogatory.

Interrogatory No. 15:

Identify, as that term is defined in (c) above, the person or persons who answered or assisted in answering each of these interrogatories and specify which interrogatory or interrogatories each such person answered or assisted in answering.

**RESPONSE:**

**Citibank objects to this interrogatory to the extent that it calls for information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.**

Interrogatory No. 16:

Identify all documents which contain Defendant's policies on medical leave, disability leave, disability benefits, job abandonment and termination of employment from 2001 to the present time.

**RESPONSE:**

**Citibank objects to this interrogatory, to the extent that it seeks information of a personal, proprietary or confidential nature to Citibank. Citibank further objects to this interrogatory on the grounds that it is unduly burdensome, not reasonably limited in time and scope, and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action.**

**Subject to and without waiver of the foregoing objections, once Plaintiff has entered into a Stipulation of Confidentiality, Citibank will provide Plaintiff with information related to policies on medical leave, disability leave, job abandonment, and termination of employment that were in effect at the time of Ms. Jenkins' resignation.**

Interrogatory No. 17:

Identify all experts that you have consulted for this case, their areas of expertise, and whether or not they will be called to testify at trial.

**RESPONSE:**

**Citibank objects to this interrogatory to the extent that it calls for information that is**

**protected from disclosure by the attorney-client privilege and/or the attorney work-**

**product doctrine.  Citibank further objects to this interrogatory to the extent that it calls**

**for the production of all experts that Citibank has consulted with for this case.  The**

**Federal Rules of Civil Procedure do not require Citibank to disclose all experts that it has**

**consulted with.  At this time, Citibank is not required to provide the EEOC with the names**

**of the experts that it will call to testify at trial.  Citibank will disclose the experts that it will**

**call to testify at trial pursuant to the Case Management Order and the Federal Rules of**

**Civil Procedure.**

Interrogatory No. 18:
Identify, as that term is defined in (c) above, all employees who worked at the New Castle,
Delaware Global Loans Department from 1996 to 2002.

**RESPONSE:**

**Citibank objects to this interrogatory on the grounds that it is unduly burdensome, not**

**reasonably limited in time and scope, and it seeks information that is not reasonably**

**calculated to lead to the discovery of admissible evidence and/or seeks information that is**

**not relevant to the claims or defenses of any party to this action.**

Interrogatory No. 19:
Identify, using the definition found in Section 1(c) of the Introduction to these interrogatories,
any employees of Met Life or Defendant who had knowledge of Ms. Jenkins' medical conditions
or illnesses from 1996 to the present time.

**RESPONSE:**

**Citibank objects to the terms "medical conditions" and "illnesses" as vague and**

**ambiguous.  Citibank further objects to this interrogatory to the extent that it calls for the**

production of information which is not within the possession, custody and/or control of

Citibank, as Citibank has no information regarding the knowledge of MetLife's employees.

Subject to and without waiver of the foregoing objection, Citibank responds that no

employee of Citibank had knowledge of Ms. Jenkins' medical conditions or illnesses from

1996 to the present time.

Interrogatory No. 20:
Identify, using the definition found in Section 1(c) of the introduction to these Interrogatories,
the employee or employees responsible for employee benefits at the New Castle facility from
2001 to the present time.

RESPONSE:

Citibank objects to the phrases "employee benefits" and "responsible for," as they are

vague and ambiguous. On this basis, Citibank is unable to respond to this interrogatory.

Interrogatory No. 21:
Identify, using the definition found in Section 1(c) of the Introduction to these Interrogatories,
the employee or employees who have knowledge of Defendant's financial statements and profit
and loss for the period of time from 2001 to the present.

RESPONSE:

Citibank objects to this interrogatory on the grounds that it is unduly burdensome, as it

seeks information that is not reasonably calculated to lead to the discovery of admissible

evidence and/or seeks information that is not relevant to the claims or defenses of any party

to this action. Citibank further objects to this interrogatory to the extent that it seeks

information that is available from some other source that is less burdensome.

<u>Interrogatory No. 22:</u>
Identify, using the definition found in Section 1(c) of the Introduction to these Interrogatories, all employees who managed or supervised Ms. Jenkins during her employment for Defendant.

**RESPONSE:**

**Citibank objects to this interrogatory on the grounds that it is unduly burdensome, not reasonably limited in time and scope, and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action. Subject to and without waiver of the foregoing objections, Citibank responds that William Carpenter and Diane Stewart managed Ms. Jenkins at or around the time of her resignation.**

David H. Williams (#616)
Morris James Hitchens and Williams, LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900
dwilliams@morrisjames.com

OF COUNSEL:

Judith E. Harris
Sarah E. Pontoski
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5028/5059
jeharris@morganlewis.com
spontoski@morganlewis.com

Dated: January 18, 2006

Attorneys for Defendant
Citibank Delaware

## CERTIFICATE OF SERVICE

I, Sarah E. Pontoski, hereby certify that a true and correct copy of the foregoing Defendant Citibank Delaware's Objections and Responses to Plaintiff EEOC's First Set of Interrogatories was served via Federal Express, this 18th day of January 2006, upon:

> Cynthia A. Locke, Esquire
> EEOC Trial Attorney
> U.S. Equal Employment Opportunity Commission
> 21 S. Fifth Street, Suite 400
> Philadelphia, PA 19106-2516

Sarah E. Pontoski

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | ) | **CIVIL ACTION NO.** |
| **COMMISSION,** | ) | **05-348 JJF** |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CITIBANK DELAWARE,** | ) | |
| | ) | |
| Defendant | ) | |
| ———————————————————— | ) | |

## DEFENDANT'S RESPONSES TO PLAINTIFF EEOC'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO DEFENDANT CITIBANK DELAWARE

Pursuant to Fed. R. Civ. P. 26 and 34, Defendant Citibank Delaware ("Citibank"), by and through its attorneys, hereby serves its Objections and Amended Responses to Plaintiff EEOC's First Request for Production of Documents. The responses set forth below reflect the present knowledge of Citibank and the results of its investigation to date. Citibank reserves the right to supplement or amend these responses as may be necessary or appropriate in the future in accordance with Fed. R. Civ. P. 26.

## GENERAL OBJECTIONS

(a)     Citibank objects generally to Plaintiff's Requests for Production, including the instructions and definitions contained therein, to the extent that they seek information that is protected from disclosure by the attorney-client privilege or the attorney work-product doctrine, that is subject to the restrictions of Fed. R. Civ. P. 26(b)(3), or that is otherwise privileged or protected and not subject to discovery including, but not limited to, information or documents gathered by counsel from persons other than Defendants in defense of this litigation.

(b)    Citibank objects generally to Plaintiff's Requests for Production, including the instructions and definitions contained therein, on the grounds that they are overbroad and/or unduly burdensome and seek information that is not reasonably calculated to lead to the production of admissible evidence and/or seek information that is not relevant to the claims or defenses of any party to this action.

(c)    Citibank objects to Plaintiff's Requests for Production to the extent that Plaintiff seeks information relating to any facility, entity, department, or work unit other than the facilities, entities, departments, or work units in which Theresa Jenkins was employed.

(d)    Citibank objects to Plaintiff's Requests for Production to the extent that Plaintiff seeks information relating to any facility, entity, department, or work unit other than the facilities, entities, departments, or work units in which Theresa Jenkins was employed.

(e)    Citibank objects to Plaintiff's Requests for Production to the extent that they seek to impose burdens or obligations on it beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure, including but not limited to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 34.  Citibank will respond to Plaintiff's Requests for Production in accordance with Fed. R. Civ. P. 26 and 34.

(f)    Citibank objects to Plaintiff's Requests for Production to the extent that they seek to impose upon it obligations to provide responses with respect to information that is not in its possession, custody and/or control.

(g)     Citibank objects to Plaintiff's Requests for Production to the extent that they seek information already in the possession of Plaintiff, or information that is equally available to Plaintiff as to Citibank, by way of its having been previously produced to Plaintiff.

(h)     Citibank objects generally to Plaintiff's Requests for Production that seek information of a personal, proprietary or confidential nature to Citibank or to any of Citibank's current or former employees, without execution of an appropriate Stipulation of Confidentiality, a draft of which is enclosed.

(i)     Citibank objects to Plaintiff's Requests for Production insofar as they seek information about events that occurred more than 300 days before Ms. Jenkins filed her charge of discrimination with the EEOC on the grounds that such Interrogatories.

(j)     Citibank objects to Plaintiff's Requests for Production to the extent that they are vague and/or ambiguous.

(k)     Citibank incorporates these objections into each and every response below to the extent applicable.


## SPECIFIC OBJECTIONS AND RESPONSES

1.     Produce all documents identified in your initial disclosures.

**RESPONSE:**

**Citibank responds that it will produce all documents identified in its initial disclosures.**

2.     Produce the personnel or employee files, including medical files, of Ms. Terry Jenkins from the start of her employment to the present time.

**RESPONSE:**

**Citibank objects to the phrases "employee files," and "personnel files" as vague and ambiguous. Citibank further objects to this Request for Production to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine arising from the investigation of this case by counsel.**

**Subject to and without waiver of the foregoing objection, Citibank responds that it will produce non-privileged documents responsive to this request.**

3.    Produce Ms. Terry Jenkins' performance reviews, and all documents relating to her performance during the course of her employment with Defendant and relating to the termination of her employment

**RESPONSE:**

**Citibank objects to this Request for Production to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.**

**Subject to and without waiver of the foregoing objection, Citibank responds that it will produce non-privileged documents responsive to this request.**

4.    Produce all documents which support your decision to terminate the employment of Ms. Terry Jenkins.

**RESPONSE:**

**Citibank objects to this Request for Production to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege and/or the**

**attorney work-product doctrine. Citibank further objects to this Request for Production, as the term "support" is vague and ambiguous.**

**Subject to and without waiver of the foregoing objection, Citibank responds that there are no documents that "support Citibank's decision to terminate the employment of Ms. Jenkins." Citibank did not make a decision to terminate Ms. Jenkins. Ms. Jenkins voluntarily terminated her own employment by failing to respond to Citibank's inquiries regarding her anticipated return to work with or without a reasonable accommodation. Subject to and without waiver of the foregoing objections, Citibank will produce non-privileged documents related to Ms. Jenkins' voluntary termination that are responsive to this request.**

5. Produce all attendance records for Ms. Terry Jenkins for the period from her hire date in July 1996 through her discharge, including but not limited to attendance records from her hire date to the effective start date of her Medical Leave on November 30, 2001, and for her attendance in January 2002.

**RESPONSE:**

**Citibank objects to this Request for Production to the extent it seeks to impose upon Citibank an obligations to provide information that is not in its possession, custody and/or control. Citibank further objects to this Request for Production on the grounds that it is unduly burdensome, not reasonably limited in time and scope, and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action.**

6.      Produce all pay stubs for Ms. Terry Jenkins from the period when her Medical Leave

began on November 30, 2001 through the last check issued by the Defendant to Ms.

Jerkins.

**RESPONSE:**

**Citibank responds that it will produce documents responsive to this request.**

7.      Produce documents that demonstrate -the salary and benefits to which Ms. Jenkins was

entitled during her employment with Defendant.

**RESPONSE:**

**Citibank objects to the term "benefits," as vague and ambiguous.  Citibank further objects**

**to this Request for Production on the grounds that it is unduly burdensome, not reasonably**

**limited in time and scope, and it calls for the production of documents that are not**

**reasonably calculated to lead to the discovery of admissible evidence and/or seeks**

**information that is not relevant to the claim or defense of any party to this litigation.**

**Subject to and without waiver of the foregoing objections, Citibank responds that it will**

**produce documents that demonstrate the salary and benefits for which Ms. Jenkins was**

**eligible at the time of her resignation.**

8.      Produce documents that show the salary and benefits Ms. Jenkins would have received to

the present date, had she remained employed by Defendant.

**RESPONSE:**

**Citibank objects to this Request for Production as the phrase "would have received" is**

**vague, ambiguous and calls for speculation.  On this basis, Citibank is unable to respond to**

**this request for production.**

9.    For the following individuals, provide all documents related to their leaves of absence, medical, or otherwise:  Tracy Pinkett, Sheryl Gager.

**RESPONSE:**

**Citibank objects to this Request for Production on the grounds that it is unduly burdensome, as it calls for the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claim or defense of any party to this litigation.  Citibank further objects to this Requests for Production on the grounds that it calls for the disclosure of information that is of a private, personal and/or confidential nature to Citibank's current or former employees.**

**In addition, Citibank objects to this Request for Production to the extent that it calls for the production of documents that are not within the possession, custody and/or control of Citibank.  In 2001 CNA was the third party administrator of Citibank's medical leave policy and short term and long term disability plans.  In 2002, MetLife was the third party administrator of Citibank's medical leave policy and short term and long term disability plans.  Employees submitted their applications for medical leave and disability benefits directly to CNA or MetLife.  They did not submit their applications to Citibank, and thus, Citibank does not possess documents that are responsive to this request.**

10.    Produce all documents which discuss or memorialize in any manner, Defendant's benefits package from 1996 to the present, including any changes that Salmon Smith Barney made to Citibank's benefits, in particular any benefits offered to employees upon five years vesting with the Defendant.

**RESPONSE:**

**Citibank objects to this Request for Production on the grounds that it is unduly burdensome, not reasonably limited in time and scope, and it calls for the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claim or defense of any party to this litigation.**

**Subject to and without waiver of the foregoing objections, Citibank will produce documents that demonstrate the benefits for which Ms. Jenkins was eligible from November 31, 2001 until May 13, 2002.**

11.    Produce all documents which discuss or memorialize in any manner, the reasons for the denial of Defendant's benefit package for those employees vested five years to Ms. Jenkins.

**RESPONSE:**

**Citibank objects to this Request for Production as it is vague and/or ambiguous.  On this basis, Citibank is unable to respond to this Request for Production.**

**In addition, Citibank objects to this Request for Production on the grounds that it is unduly burdensome, not reasonably limited in time and scope, and it calls for the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claim or defense of any party to this litigation**

12.    Produce all requests for medical leave made by or on behalf of Ms. Jenkins.

**RESPONSE:**

**Citibank objects to this Request for Production to the extent that it calls for the production of documents that are not within the possession, custody and/or control of Citibank. In 2001 CNA was the third party administrator of Citibank's medical leave policy. In 2002, MetLife was the third party administrator of Citibank's medical leave policy. Employees submitted their applications for medical leave directly to CNA or MetLife. They did not submit their applications to Citibank, and thus, Citibank does not possess documents that are responsive to this request.**

13.    Produce all documents reflecting or memorializing communications between Ms. Jenkins and MetLife related to Ms. Jenkins and/or her applications for leave and for disability benefits.

**RESPONSE:**

**Citibank objects to this Request for Production to the extent that it calls for the production of documents that are not within the possession, custody and/or control of Citibank, as any such documents would be in the possession, custody and/or control of MetLife.**

14.    Produce all documents reflecting or memorializing communications between Met Life and Defendant concerning Ms. Jenkins and/or her applications for leave and disability benefits. As with all documents requests made by EEOC herein, please refer to the definition of document in these instructions and include in your response all e-mail and electronic mail correspondence.

**RESPONSE:**

**Citibank objects to this Request for Production to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.**

**Subject to and without waiver of the foregoing objection, Citibank responds that it will produce non-privileged documents responsive to this request.**

15.     Produce all documents reflecting or concerning communications between Defendant and Ms. Jenkins concerning Ms. Jenkins' application for leave and disability benefits.

**RESPONSE:**

**Citibank objects to this Request for Production to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Citibank further objects to this Request for Production to the extent that it calls for the production of documents that are not within the possession, custody and/or control of Citibank. In 2001 CNA was the third party administrator of Citibank's medical leave policy and short term and long term disability plans. In 2002, MetLife was the third party administrator of Citibank's medical leave policy and short term and long term disability plans. Employees submitted their applications for medical leave and disability benefits directly to CNA or MetLife. They did not submit their applications to Citibank.**

**Subject to and without waiver of the foregoing objections, Citibank responds that it will produce documents that reflect or concern communications between Citibank and Ms. Jenkins regarding documents that Ms. Jenkins was required to supply to MetLife in connection with her application for leave.**

16.     Produce all documents which discuss or memorialize in any manner, your attempts to contact Ms. Terry Jenkins after your written notification to her on April 2, 2002 regarding the exhaustion of her Medical Leave and prior and up to her effective termination date of May 13, 2002.

**RESPONSE:**

**Citibank objects to this Request for Production to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Citibank further objects to this request for production to the extent that it purports to characterize the April 2, 2002 letter that Sara Zobel sent to Ms. Jenkins, which is a document that speaks from itself. Citibank further objects to the extent that this Request for Production purports to characterize the end of Ms. Jenkins' employment with Citibank.**

**Subject to and without waiver of the foregoing objections, Citibank responds that it will produce documents evidencing Citibank's attempts to contact Ms. Jenkins between April 2, 2002 and May 13, 2002.**

17.    Produce all documents which discuss or memorialize communications between Defendant and Ms. Jenkins regarding her illnesses, hospitalization or medical conditions from 1996 to the present time.

**RESPONSE:**

**Citibank objects to this Request for Production to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Citibank further objects to this Request for Production, as the term "illnesses" is vague and ambiguous, and the phrase "medical conditions" is vague and ambiguous. Citibank further objects to this Request for Production on the grounds that it is unduly burdensome, not reasonably limited in time and scope, and it calls for the production of documents that are not reasonably calculated to lead to the discovery**

of admissible evidence and/or seeks information that is not relevant to the claim or defense of any party to this litigation.

In addition, Citibank objects to this Request for Production to the extent that it calls for the production of documents that are not within the possession, custody and/or control of Citibank.  In 2001 CNA was the third party administrator of Citibank's medical leave policy and short term and long term disability plans.  In 2002, MetLife was the third party administrator of Citibank's medical leave policy and short term and long term disability plans.  Employees submitted their applications for medical leave and disability benefits directly to CNA or MetLife.  Upon information and belief, Ms. Jenkins communicated with CNA and MetLife regarding her illness, hospitalization and/or medical condition from November of 2001 until May of 2002.

Subject to and without waiver of the foregoing objections, Citibank responds that it will produce non-privileged documents evidencing communications between Citibank and Ms. Jenkins from November 31, 2001 until May 13, 2002, regarding when Ms. Jenkins expected to return to work and regarding documents that Ms. Jenkins was required to supply to MetLife in connection with her application for leave.

18.    Produce all documents supplied to Defendant by Ms. Jenkins, any of her physicians, Met Life, or any medical professional, that concern Ms. Jenkins' medical conditions or illnesses or health.

**RESPONSE:**

Citibank objects to this Request for Production, as the term "illnesses" is vague and ambiguous, and the phrase "medical conditions" is vague and ambiguous.  Citibank further objects to this Request for Production on the grounds that it is unduly burdensome,

**not reasonably limited in time and scope, and it calls for the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claim or defense of any party to this litigation. Citibank further objects to this Request for Production, as it calls for the production of documents that are not within Citibank's possession, custody and/or control.**

**Subject to and without waiver of the foregoing objections, Citibank responds that it did not receive any such documents from Ms. Jenkins, her physicians, MetLife, or any medical professional.**

19.     Produce documents that discuss or memorialize Employee Medical Leaves or Family Medical Leaves taken by employees of Defendant (including but not limited to the Citibank Financial Investigation Unit and Citibank Global Markets, Global Loans Unit) from January 1996 to the present time.

**RESPONSE:**

**Citibank objects to this Request for Production on the grounds that it is unduly burdensome, not reasonably limited in time and scope, and it calls for the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claim or defense of any party to this litigation. Citibank further objects to this Request for Production on the grounds that it calls for the disclosure of information that is of a private, personal and/or confidential nature to Citibank's current or former employees. In addition, Citibank objects to this Request for Production, as it calls for documents that are not within Citibank's possession, custody and/or control. CNA was the third party administrator of Citibank's medical leave policy in 2001, and MetLife was the third party administrator of**

**Citibank's medical leave policy in 2002. Such documents would be in the possession,**

**custody and/or control of CNA or MetLife.**

20.     Produce all documents that discuss or memorialize short or long term disability leave

taken by employees of Defendant other than Ms. Jenkins from 2001 to the present.

**RESPONSE:**

**Citibank objects to this Request for Production on the grounds that it is unduly**

**burdensome, not reasonably limited in time and scope, and it calls for the production of**

**documents that are not reasonably calculated to lead to the discovery of admissible**

**evidence and/or seeks information that is not relevant to the claim or defense of any party**

**to this litigation. Citibank further objects to this Request for Production on the grounds**

**that it calls for the disclosure of information that is of a private, personal and/or**

**confidential nature to Citibank's current or former employees. In addition, Citibank**

**objects to this Request for Production, as it calls for documents that are not within**

**Citibank's possession, custody and/or control. CNA was the third party administrator of**

**Citibank's short and long term leave plans in 2001, and MetLife was the third party**

**administrator of Citibank's short and long term leave plans in 2002. Such documents**

**would be in the possession, custody and/or control of CNA or MetLife.**

21.     Produce all insurance policies applicable to the claims in this case.

**RESPONSE:**

**Citibank objects to the phrase "insurance policies," as vague and ambiguous. To the extent**

**this Request for Production relates to any insurance policies that cover any liability that**

**could be adjudicated against Citibank in this case, no such policies exist.**

22.    Produce all company policies on Equal Employment issues, job abandonment, and
       termination that have been in effect at any time from January 1996 to the present time,
       indicating the dates of their effectiveness.

**RESPONSE:**

**Citibank objects to the phrase "Equal Employment issues," as vague and ambiguous.
Citibank further objects to this Request for Production on the grounds that it is unduly
burdensome, not reasonably limited in time and scope, and it calls for the production of
documents that are not reasonably calculated to lead to the discovery of admissible
evidence and/or seeks information that is not relevant to the claim or defense of any party
to this litigation.  Citibank further objects to this Request for Production, to the extent that
it seeks information of a personal, proprietary or confidential nature to Citibank.
Subject to and without waiver of the foregoing objections, Citibank responds that once
Plaintiff enters into a Stipulation of Confidentiality it will produce all company policies on
job abandonment and termination that were in effect on May 13, 2002.**

23.    Produce all company policies on medical leave and disability that have been in effect at
       any time from January 1996 to the present time, indicating the dates of their
       effectiveness.

**RESPONSE:**

**Citibank objects to this Request for Production on the grounds that it is unduly
burdensome, not reasonably limited in time and scope, and it calls for the production of
documents that are not reasonably calculated to lead to the discovery of admissible
evidence and/or seeks information that is not relevant to the claim or defense of any party**

**to this litigation. Citibank further objects to this Request for Production, to the extent that it seeks information of a personal, proprietary or confidential nature to Citibank.**

**Subject to and without waiver of the foregoing objections, Citibank responds that once Plaintiff enters into a Stipulation of Confidentiality, it will produce all company policies on medical leave and disability that were in effect from November 31, 2001 until May 13, 2002.**

24.    Produce all contracts, and other documents reflecting or memorializing agreements between Defendant and Met Life regarding the provision of disability benefits by Met Life to employees of Defendant, that were in effect from 2001 to the present.

**RESPONSE:**

**Citibank objects to this Request for Production on the grounds that it is unduly burdensome, not reasonably limited in time and scope, and it calls for the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claim or defense of any party to this litigation.**

**Subject to and without waiver of the foregoing objections, Citibank responds that it will produce the agreement between Citibank and MetLife regarding the provision of disability benefits by MetLife to employees of Citibank, that was in effect from November 30, 2001 until May 13, 2002.**

25.    Produce all contracts, and other documents reflecting or memorializing agreements between Defendant and Met Life regarding the process of determining eligibility for disability benefits, that were in effect from 2001 to the present time.

**RESPONSE:**

**Citibank objects to this Request for Production on the grounds that it is unduly burdensome, not reasonably limited in time and scope, and it calls for the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claim or defense of any party to this litigation.**

**Subject to and without waiver of the foregoing objections, Citibank responds that it will produce the agreement between Citibank and MetLife regarding the process of determining eligibility for disability benefits, that was in effect on May 13, 2002.**

26.    Produce all short and long-term disability policies that applied to benefits for which Ms. Jenkins was eligible during her employment with Defendant.

**RESPONSE:**

**Citibank objects to this Request for Production on the grounds that it is unduly burdensome, not reasonably limited in time and scope, and it calls for the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claim or defense of any party to this litigation.**

**Subject to and without waiver of the foregoing objections, Citibank responds that it will produce all short and long term disability plans in effect and applicable to employees of Citibank from November 31, 2001 until May 13, 2002.**

27.    Produce all short and long-term disability policies which applied to employees other than Ms. Jenkins from 2001 to the present.

**RESPONSE:**

**Citibank objects to this Request for Production on the grounds that it is unduly burdensome, not reasonably limited in time and scope, and it calls for the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claim or defense of any party to this litigation.**

28.     Produce Defendant's income tax returns for 2002 to the present.

**RESPONSE:**

**Citibank objects to this Request for Production on the grounds that it is unduly burdensome, as it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence and/or seeks documents that are not relevant to the claims or defenses of any party to this action**

29.     Produce all of Defendant's assets and liabilities statements from 2002 to the present.

**RESPONSE:**

**Citibank objects to this Request for Production on the grounds that it is unduly burdensome, as it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence and/or seeks documents that are not relevant to the claims or defenses of any party to this action.**

30.     Produce all of Defendant's certified financial statements from 2002 to the present.

**RESPONSE:**

**Citibank objects to this Request for Production on the grounds that it is unduly burdensome, as it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence and/or seeks documents that are not relevant to the claims or defenses of any party to this action.  Citibank further objects to this request for**

production to the extent that it seeks the production of information that is available from some other source that is less burdensome.

31.     Produce certified, official documents that show Defendant's sales and profits thus far for 2005, and supplement this production when the complete documents are available.

**RESPONSE:**

**Citibank objects to this Request for Production on the grounds that it is unduly burdensome, as it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence and/or seeks documents that are not relevant to the claims or defenses of any party to this action.**

32.     Produce documents that support your position that Citibank Delaware was the employer of Ms. Jenkins.

**Citibank objects to this Request for Production on the grounds that is unduly burdensome, not reasonably limited in time and scope, and it calls for the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence and/or seeks information that is not relevant to the claim or defense of any party to this litigation.**

33.     Produce all job descriptions for positions held by Ms. Jenkins during her employment for

Defendant.

**Citibank objects to this Request for Production, to the extent that it seeks information of a**

**personal, proprietary or confidential nature to Citibank.  Citibank further objects to this**

**request for production on the grounds that is unduly burdensome, not reasonably limited**

**in time and scope, and it calls for the production of documents that are not reasonably**

**calculated to lead to the discovery of admissible evidence and/or seeks information that is**

**not relevant to the claim or defense of any party to this litigation.**

David H. Williams (#616)
Morris James Hitchens and Williams, LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900
dwilliams@morrisjames.com

OF COUNSEL:                         Judith E. Harris
                                    Sarah E. Pontoski
                                    Morgan, Lewis & Bockius LLP
                                    1701 Market Street
                                    Philadelphia, PA  19103
                                    (215) 963-5028/5059
                                    jeharris@morganlewis.com
                                    spontoski@morganlewis.com

Dated:  January 18, 2006            Attorneys for Defendant
                                    Citibank Delaware

## CERTIFICATE OF SERVICE

I, Sarah E. Pontoski, hereby certify that a true and correct copy of the foregoing Defendant Citibank Delaware's Responses to Plaintiff EEOC's First Request for Production of Documents to Defendant Citibank Delaware was served via Federal Express, this 18th day of January 2006, upon:

Cynthia A. Locke, Esquire
EEOC Trial Attorney
U.S. Equal Employment Opportunity Commission
21 S. Fifth Street, Suite 400
Philadelphia, PA 19106-2516

Sarah E. Pontoski