IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> CITIBANK DELAWARE <br><br> Defendant. | Civil Action No. 05-348 (JJF) |

## CONSENT DECREE

This Consent Decree is entered into by the Plaintiff, the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") and the Defendant, Citibank Delaware, its directors, officers, successors and assigns.

The Commission brought this action on May 31, 2005, in the United States District Court for the District of Delaware to enforce the provisions of Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12112 (a) and (b) ("the Americans with Disabilities Act"). The EEOC alleged that Citibank Delaware discharged a qualified individual with a disability, Terry B. Jenkins, from her position at its New Castle, Delaware location in violation of the Americans with Disabilities Act ("ADA"). Citibank Delaware denies any and all liability, and it has asserted separate defenses.

As a result of settlement discussions, and in an attempt to avoid further litigation costs, the parties to this action do hereby agree to entry of this Consent Decree (hereinafter referred to as the "Decree") which shall resolve fully and finally all claims which were raised by the EEOC in its Complaint filed on behalf of Ms. Jenkins. It is the intent of the parties that this Decree shall be a final and binding settlement between the parties signatory hereto, their officers,

directors, successors and assigns, in full disposition of all claims alleged in the Commission's Complaint against Citibank Delaware.

The Parties hereby agree that:

1. This Decree is entered into in compromise of the claims asserted in this civil action. Citibank Delaware denies any wrongdoing, and this Decree shall, under no circumstances, be construed or deemed to be evidence of (i) any wrongdoing, fault, or liability; or (ii) any infirmity in the defenses that Citibank Delaware asserted.

2. The EEOC is the agency of the United States government authorized by Congress to investigate allegations of unlawful employment discrimination, to bring civil actions based upon these allegations of unlawful practices, and to seek relief for individuals affected by such practices.

3. The parties stipulate that, pursuant to the Americans with Disabilities Act and 28 USC §§ 451, 1331, 1337, 1343 and 1345, the United States District Court for the District of Delaware has jurisdiction over both the subject matter and the parties in this case. The parties further stipulate that venue is appropriate in the District of Delaware.

4. The rights of Citibank Delaware and those for whom the Commission seeks relief are protected adequately by this Decree.

5. The entry of this Decree will further the objectives of the Americans with Disabilities Act and will be in the best interests of the parties and those for whom the Commission seeks relief.

## NON-DISCRIMINATION

6. Citibank Delaware agrees to (i) comply fully with all of the provisions of the Americans with Disabilities Act, and (ii) will avoid engaging in any employment practice which operates to discriminate against qualified individuals with disabilities or to deny equal employment opportunities to any employee or applicant for employment based on his or her disability in violation of the Americans with Disabilities Act.

## NON-RETALIATION

7. Citibank Delaware agrees that it shall not engage in any employment practices which retaliate in any manner against any person because of that person's cooperation with the EEOC with respect to the Commission's administrative investigation of this civil action. Citibank Delaware agrees to comply with the Americans with Disabilities Act's prohibition of retaliation because of the filing of a charge, the giving of testimony or assistance, or participation in this matter, or in any investigation, hearing or proceeding under the Americans with Disabilities Act. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit Citibank Delaware's obligations under the Americans with Disabilities Act or the EEOC's authority to process or litigate any charge of discrimination under the Americans with Disabilities Act which may be filed against Citibank Delaware in the future.

## NON-ADMISSION

8. This Decree, being entered with the consent of the Commission and Citibank Delaware, shall not constitute an adjudication or finding on the merits of the case and shall not be construed as an admission of liability by Citibank Delaware.

## DURATION OF THE DECREE

9. The Consent Decree shall be in effect for an initial period of eighteen months (18) months from the date it is entered by the Court.

## MONETARY COMPENSATION

10. Citibank Delaware agrees to pay the sum total of Thirty Seven Thousand, Five Hundred Dollars ($37,500.00) in consideration of Ms. Jenkins' claim for damages, to resolve this matter as follows:

(A) Citibank Delaware shall issue a check payable to Terry B. Jenkins within fourteen (14) days of receipt of a Release in a form upon which Ms. Jenkins and Defendant mutually agree signed by Ms. Jenkins. This check shall be sent, via United States first class mail return receipt requested, to Ms. Jenkins at the following address: 506 Barrett Street, Wilmington, Delaware 19802. Citibank Delaware shall mail a copy of the check to Cynthia A. Locke, Senior Trial Attorney, EEOC Philadelphia District Office, 21 S. 5th Street, The Bourse, Suite 400, Philadelphia, Pa. 19106, concurrent with the mailing of the check to Ms. Jenkins. Citibank Delaware shall also provide any return receipts returned by the United States Postal Service.

(B) In order to receive the monetary relief set forth above, Terry B. Jenkins will be required to execute a Release in a form upon which Ms. Jenkins and Defendant mutually agree. In addition, Defendant will pay up to Two Hundred and Fifty Dollars ($250.00) to Ms. Jenkins for the services of an attorney to advise her regarding the release in this case.

## EQUITABLE RELIEF

11. Citibank Delaware agrees to the following injunctive relief:

### (A) POSTING OF NOTICE

Citibank Delaware agrees that it shall post a copy of the Notice attached as Exhibit A at its Human Resources office in its New Castle, Delaware facility, where employee notices are regularly posted. The Notice shall be posted for one (1) year from the date this Decree is entered by the Court. Should the posted copy of the Notice become defaced, marred or otherwise made unreadable, Citibank Delaware agrees to immediately post a readable copy of the Notice.

### (B) TRAINING

Citibank Delaware represents that on June 15, 2006 and June 22, 2006, it provided training to members of its Human Resources Department regarding the rights of disabled employees and applicants for employment under the Americans with Disabilities Act, and the obligations of employers toward disabled employees and applicants for employment under the Americans with Disabilities Act.

### DISPUTE RESOLUTION AND COMPLIANCE

12.     In the event that the EEOC determines that a violation of this Decree has occurred, it will, before exercising any remedy provided by law, provide notice to Citibank Delaware identifying the alleged violations. Citibank Delaware will have thirty (30) days in which to investigate and respond to the allegations, unless the Commission determines there to be exigent circumstances. If these exigent circumstances exist, the Commission may immediately apply to the Court for relief. The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court. Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The party seeking Court intervention shall be required to give notice to the opposing

party ten (10) days before moving for such review. The Court may conduct expedited discovery under the Federal Rules of Civil Procedure for purposes of determining compliance with this Decree or defending against a claim of non-compliance. The Court will have all equitable powers, including injunctive relief, to enforce this Decree.

## **MISCELLANEOUS**

13. If any provision(s) of the Consent Decree is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

14. The terms of the Decree are and shall be binding upon the present and future directors, officers, successors and assigns of Citibank Delaware.

15. The Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement must be mutually agreed upon and memorialized in a writing signed by Citibank Delaware and the Commission.

16. When this Decree requires the submission by Citibank Delaware of any documents to the Commission, if not otherwise indicated in the Decree, they shall be mailed to Cynthia A. Locke, Senior Trial Attorney, EEOC Philadelphia District Office, 21 S. 5th Street, The Bourse, Suite 400, Philadelphia, Pa. 19106.

17. Failure by the Commission to seek enforcement of this Decree with regard to one provision shall not be construed as a waiver of its rights to do so with regard to the same or other provisions of this Decree.

18. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

19. This Consent Decree shall be filed in the United States District Court for the District Court of Delaware.

20. The Court retains jurisdiction over this case in order to enforce the terms of the Decree.

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CITIBANK DELAWARE |

Ronald S. Cooper
General Counsel

*/s/ Lisa Nichols*
Lisa Nichols
Senior Vice President of Human Resources

Gwendolyn Young Reams
Associate General Counsel
Washington, D.C.

*/s/ Jacqueline H. McNair*
Jacqueline H. McNair
Regional Attorney

*/s/ Judith A. O'Boyle*
Judith A. O'Boyle
Supervisory Trial Attorney

*/s/ Cynthia A. Locke*
Cynthia A. Locke
Senior Trial Attorney

U.S. EEOC
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
215.440.2683

APPROVED AND SO ORDERED:

_____          _____
Date                                                    HONORABLE JOSEPH J. FARNAN

7

EXHIBIT A

NOTICE

This Notice is posted as part of a settlement reached in the matter of <u>EEOC v. Citibank Delaware</u>, C.A. No. 05-348, in the United States District Court, District of Delaware. EEOC filed this action to enforce provisions of Title I of the American with Disabilities Act.

The Americans with Disabilities Act (the "ADA") prohibits discrimination against employees and applicants for employment based upon their status as persons with disabilities. The ADA further prohibits retaliation against employees or applicants who avail themselves of their rights under the ADA by engaging in protected activities, such as filing a charge of discrimination or testifying or participating in an EEOC investigation. THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC) is the federal agency which investigates charges of discrimination and, if necessary, brings lawsuits in the federal district courts to enforce the ADA.

The EEOC filed this action against Defendant Citibank Delaware to enforce provisions of the ADA, alleging that Defendant discharged an individual with a disability from her position at its New Castle, Delaware location, in violation of the ADA. Citibank Delaware denies the allegations made by EEOC and denies liability in this case.

To resolve the case, the EEOC and Citibank Delaware have entered into a Consent Decree in which Citibank Delaware agrees that it will not discriminate against any employee or applicant for employment on the basis of disability.

If you believe you have been discriminated against, you may contact the EEOC at (215) 440-2600. The EEOC charges no fees and has employees who speak languages other than English.

**THIS NOTICE MUST NOT BE DEFACED OR REMOVED AND MUST REMAIN POSTED FOR A PERIOD OF TWELVE (12) MONTHS FROM THE DATE SET FORTH BELOW.**

_____        _____
**EQUAL EMPLOYMENT OPPORTUNITY**        **CITIBANK DELAWARE**
**COMMISSION**

**Date Posted:** _____, 2006